Nos. 24-6256, 24-6274

IN THE
# United States Court of Appeals for the Ninth Circuit

EPIC GAMES, INC.,

*Plaintiff-Appellee*,

v.

GOOGLE LLC, *et al.*,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Northern District of California
Nos. 3:20-cv-05671-JD, 3:21-md-02981-JD
Hon. James Donato

**DECLARATION OF NEAL KUMAR KATYAL IN SUPPORT OF GOOGLE'S UNOPPOSED REQUEST TO EXCEED THE TYPE-VOLUME LIMITS FOR ITS EMERGENCY MOTION FOR PARTIAL STAY PENDING APPEAL**

Neal Kumar Katyal
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
neal.katyal@hoganlovells.com

*Counsel for Defendants-Appellants*

October 16, 2024

## DECLARATION OF NEAL KUMAR KATYAL

1. I am a partner at the law firm of Hogan Lovells US LLP and, along with a team of lawyers from several firms, am counsel for Defendants-Appellants Google LLC, *et al.* in the above-captioned action. The facts and opinions are within my personal knowledge and if called as a witness, I could and would competently testify to them.

2. As counsel for Google, I believe a modest increase in the word-limit for Google's emergency motion for a partial stay pending appeal is required in order to clearly address the issues presented by Google's request, and to do so in a way that will best aid this Court in resolving the motion.

3. On October 15, 2024, my colleague communicated with Gary Bornstein, counsel for Plaintiff-Appellee Epic Games, Inc. to ask whether Epic would object to Google's filing of an oversized brief. Mr. Bornstein indicated that Epic took no position on the motion, provided that Epic be granted a comparable extension on its response in opposition. Google does not oppose that request.

4. In my professional judgment, I believe that Google requires a 1,000 word increase for its emergency motion for a partial stay of the District Court's injunction pending appeal from the default limitation of 5,600 words (9th Cir. R. 27-1(1)(d) and 9th Cir. R. 32-3(2)), for a total of 6,600 words. A proposed emergency

1

motion for a partial stay pending appeal of that length is being filed concurrently with this motion.

5. In my professional judgment, and in the unique circumstances of this appeal, a 6,600 word emergency stay motion is necessary to adequately address the complex legal, economic, and factual issues presented by this antitrust case and to convey the irreparable harms that Google faces absent a stay pending appeal. The proceedings below were part of several cases consolidated into a multidistrict litigation that has spanned four years and includes over a thousand docket entries. The trial in this case lasted 6 weeks and involved testimony from over 45 witnesses.

6. The remedial phase of the proceedings involved additional evidence and multiple arguments, *see generally* Dkt. 952, 958, 977, 981, 985, 1000, and culminated in a sweeping injunction that orders extensive redesigns to Play and forces fundamental changes to Google's contractual and business relationships with hundreds of thousands of Google partners. See Dkt. 1017 ¶¶ 4-7 (mandating changes to incentives Google provides third parties related to Play), ¶¶ 9-10 (mandating changes to policies on billing and external links), ¶¶ 11-12 (mandating the design and development of new features Google is required to provide to competitor app stores).

7. Google and its counsel have made all reasonable efforts to abide by the typical word limits that this Court applies to motions within the compressed timeline

2

that the district court's injunction creates. But due to the scope of the District Court's injunction and the extensive history of this complex case, the page extension will ensure that Google can explain the irreparable harm it faces, as well as address its likelihood of success on appeal, the balance of the equities, and the public interest.

8. Google and its counsel make this request in the sincere belief that this Court's decisional process will be best aided by a motion of sufficient length to fully address the many issues presented by the District Court's judgment.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 16th day of October 2024 in Boston, Massachusetts.

Dated: October 16, 2024                           Respectfully submitted,

                                                  /s/ *Neal Kumar Katyal*

                                                  Neal Kumar Katyal
                                                  HOGAN LOVELLS US LLP
                                                  555 Thirteenth Street, N.W.
                                                  Washington, D.C. 20004
                                                  Telephone: (202) 637-5600
                                                  Facsimile: (202) 637-5910
                                                  neal.katyal@hoganlovells.com

3