# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* *https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 24-6256, 24-6272

**Case Name** Epic Games, Inc. v. Google LLC et al.

**Counsel submitting this form** Neal Kumar Katyal

**Represented party/parties** See attached

*Briefly describe the dispute that gave rise to this lawsuit.*

See attached

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

**Form 7**                                              *Rev. 09/01/22*

1

*Briefly describe the result below and the main issues on appeal.*

See attached

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

See attached

**Signature** s/Neal Kumar Katyal    **Date** 10/21/2024
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**    *Rev. 09/01/22*

2

**Epic Games, Inc. v. Google LLC, et al.**
**Nos. 24-6256, 24-6274**
**Mediation Questionnaire Attachment**

*Represented party/parties*: Google LLC; Google Ireland Limited; Google Commerce Limited; Google Asia Pacific PTE. Limited; Google Payment Corporation

*Briefly describe the dispute that gave rise to this lawsuit.*

This case is an antitrust action involving Google's app store for Android devices, known as the Play store. Plaintiff Epic Games is an app store operator and app developer. In 2020, Epic sued Google and Apple separately claiming that each company was violating the Sherman Act and state law in connection with their respective app stores. Epic sought exclusively declaratory and injunctive relief, not damages.

The case against Apple proceeded to a bench trial. Epic lost its federal antitrust claims against Apple, in relevant part because the court concluded that Apple and Google compete in the relevant market for digital transactions. This Court affirmed.

This case against Google was initially consolidated with a number of related actions in a multidistrict litigation, some of which sought damages in addition to equitable relief. Google subsequently settled with all other plaintiffs, including with the attorneys general of 53 states and territories; only Epic went to trial. The District Court held a jury trial on the Sherman Act claims even though Epic sought only equitable relief, and the jury returned a verdict for Epic.

*Briefly describe the result below and the main issues on appeal.*

After trial, the District Court denied Google's post-trial motion seeking judgment as a matter of law and a new trial, upholding the jury's verdict in full. The court then proceeded to the remedial phase.

The District Court entered a sweeping injunction that forces fundamental changes to Google's contractual and business relationships with hundreds of thousands of Google partners and exposes millions of Android users and app developers to significant new security risks. Implementing the injunction will likely cost Google well over $100 million, and Google's implementation will be overseen by a non-Article III technical committee.

Google intends to challenge both the jury's liability verdict and the District Court's injunction on appeal. Google anticipates that its appellate arguments will include the following:

- The liability judgment is legally flawed because Epic's claims seeking purely equitable relief should have been tried to the bench, not a jury.
- The District Court committed legal error by permitting Epic to escape issue preclusion based on its loss in the parallel action against Apple.

- The District Court's jury instructions misstated controlling principles of law that were integral to the case.
- The injunction imposed on Google exceeds the court's lawful authority and violates substantive rules of antitrust law.
- Epic failed to prove that it had Article III standing to seek injunctive relief.

Google reserves the right to raise additional issues in its merits briefing.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

This Court has jurisdiction over Google's immediate appeal of the permanent injunction under 28 U.S.C. § 1292(a)(1). The District Court has indicated that it does not intend to enter final judgment until it has resolved a forthcoming motion for attorneys' fees from Epic. The District Court issued an administrative stay of the injunction until this Court has an opportunity to rule on Google's request for a stay pending appeal.

## CERTIFICATE OF SERVICE

I certify that on October 21, 2024, the foregoing was electronically filed through this Court's ACMS system, which will send a notice of filing to all registered users.

/s/ *Neal Kumar Katyal*
Neal Kumar Katyal