**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

Epic Games, Inc.,

*Plaintiff-Appellee,*

v.

Google LLC, *et al.*,

*Defendants-Appellants.*

Nos. 24-6256 & 24-6274

**UNOPPOSED MOTION OF COMPUTER SECURITY EXPERTS
JOHN MITCHELL, SERGE EGELMAN, AND NATHAN GOOD
FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN
SUPPORT OF DEFENDANTS-APPELLANTS AND
THEIR APPLICATION FOR A PARTIAL STAY
OF AN INJUNCTION PENDING APPEAL**

Consistent with Rule 29 of the Federal Rules of Appellate Procedure, John Mitchell, Serge Egelman, and Nathan Good respectfully move for leave to file the attached brief as *amici curiae* in support of Defendants-Appellants Google LLC, *et al.*, and their application for a partial stay of a permanent injunction pending appeal. All parties consent to the filing of the proposed brief of *amici*.

**Statement of Interest of *Amici Curiae***

Proposed *amici curiae* are current and former academics who have studied and researched in the areas of computer security and privacy, and who have extensive experience analyzing the security and privacy

1

risks of mobile applications. As such, *amici* have a significant interest in computer security and ensuring that policymakers and courts make informed, rational decisions about privacy and data security.[*]

John Mitchell is the Mary and Gordon Crary Family Professor, professor of computer science, and by courtesy professor of electrical engineering and professor of education at Stanford University. He was previously chair of the Computer Science Department. Professor Mitchell's research focusses on programming languages, computer security and privacy, blockchain, machine learning, and technology for education. With over 250 publications and over 30,000 citations, he has led research projects on a range of topics, been a consultant or advisor to many companies, and served as editor-in-chief of the Journal of Computer Security.

Serge Egelman is the Research Director of the Usable Security and Privacy group at the International Computer Science Institute, which is an independent research institute affiliated with the University of

---

[*] Although *amici* are affiliated with various academic and business institutions, they lend their support to their proposed brief in only their individual capacities. Nothing in their brief should be construed as the position of the academic institutions and businesses with which they are affiliated.

California, Berkeley. He also holds a position as a research scientist within the Electrical Engineering and Computer Sciences Department at the University of California, Berkeley. He is a co-founder and Chief Scientist of AppCensus, Inc., which builds tools to test the privacy behaviors of mobile applications. He received his Ph.D. from Carnegie Mellon University's School of Computer Science; his research has been cited over 13,000 times; and he has testified before Congress on issues relating to the privacy and security of mobile applications.

Nathan Good is the Principal of Good Research, LLC, the Chief Executive Officer of AppCensus, Inc., and a former lecturer at the School of Information at the University of California, Berkeley. A fundamental goal of his work is to assist companies in creating networked systems devices and services that are simple, secure, and respectful of people's privacy. Dr. Good received his Ph.D. in Information Science and a M.S. in Computer Science from the University of California, Berkeley. He has published extensively on user-experience studies, privacy, and security-related topics, holds patents on software technology for multimedia systems and event analysis, is a co-author of the UC Berkeley web

privacy census, and has testified before the House of Representatives and the Senate on his research on privacy and information security.

### Relevance of Proposed Brief of *Amici Curiae*

The proposed brief of *amici curiae* focuses on Paragraph 10 of the District Court's order entering a permanent injunction. Under that paragraph, Google may not prohibit developers from including external links to download applications in any application the developer distributes through the Play Store. *See* Injunction Order ¶ 10. As experts on computer security, *amici* explain through their proposed brief why that paragraph would expose more than 100-million users of Google's Play Store to extensive risks to their security, privacy, and safety.

*Amici curiae* anticipate that their brief will aid the Court by offering a simple explanation of the dangers posed by forcing Google to allow developers that list their applications through Google's Play Store to send external links to users inviting them to download applications onto devices using Google's Android operating system. *Amici* explain that such links could be used by cybercriminal organizations, state-sponsored actors, and freelancers to trick users into providing sensitive personal and financial information, and installing malware that could share users'

4

private information with third parties, track their use across other applications, disclose their location and the contents of their text messages, access their phone, camera, and microphone, and destroy the data on their devices. And *amici* rely on trusted authorities, including the Federal Bureau of Investigation and the Administrative Office of the U.S. Courts, to flag the dangers posed by Paragraph 10 of the District Court's injunction order.

## Consent of the Parties

All parties have consented to the filing of the proposed brief of *amici curiae*. Although that normally would suffice to allow *amici* to file their brief without first obtaining leave of the Court, *see* Fed. R. App. P. 29(a); *see also* 9th Cir. R. 29-3, cir. adv. cmt. n., Rule 29 of the Federal Rules of Appellate Procedure is directed at the merits stage. And yet, *amici* wish to file their brief in support of Google's motion for a partial stay of the permanent injunction pending appeal, which Google brought under Rule 8(a)(2) of the Federal Rules of Appellate Procedure. Because the rules are silent on *amicus* support for a stay application, *amici* have filed this motion in an abundance of caution.

## Conclusion

*Amici curiae* respectfully request leave to file the attached brief in support of Google and its application for a partial stay of the District Court's order entering a permanent injunction.

Dated:  October 23, 2024                    Respectfully submitted,


                                            /s/ Robert T. Smith
                                            Robert T. Smith
                                            Katten Muchin Rosenman LLP
                                            1919 Pennsylvania Avenue, N.W.
                                            Suite 800
                                            Washington, D.C. 20006-3404
                                            robert.smith1@katten.com
                                            202-625-3500

                                            *Counsel for Amici Curiae*

6

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion uses a proportionally spaced, 14-point font and contains 940 words exclusive of the parts exempted by Rule 32(f) of the Federal Rules of Appellate Procedure.

/s/ Robert T. Smith
Robert T. Smith
*Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that I had the foregoing motion filed by tendering it to the Office of the Clerk of the United States Court of Appeals for the Ninth Circuit on October 23, 2024. I certify that all participants in the case are registered Appellate Case Management System (ACMS) users and that service will be accomplished by the ACMS.

/s/ Robert T. Smith
Robert T. Smith
*Counsel for Amici Curiae*

8