**Nos. 24-6256 & 24-6274**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EPIC GAMES, INC.,

*Plaintiff-Appellee*,

v.

GOOGLE LLC, et al.,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Northern District of California
Nos. 3:20-cv-05671-JD, 3:21-md-02981-JD
Hon. James Donato

**UNOPPOSED MOTION OF MICROSOFT CORP. FOR LEAVE TO FILE BRIEF OF MICROSOFT CORP. AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF-APPELLEE EPIC GAMES, INC.'S OPPOSITION TO EMERGENCY MOTION FOR PARTIAL STAY**

Aaron M. Panner
Alex A. Parkinson
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
apanner@kellogghansen.com

*Counsel for Amicus Curiae*

November 1, 2024

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Microsoft Corporation ("Microsoft") states that it does not have a parent corporation and that no publicly held corporation holds 10 percent or more of its stock.

## MOTION FOR LEAVE TO FILE

Pursuant to Federal Rule of Appellate Procedure 29, Microsoft respectfully requests leave to file the attached Brief of Microsoft Corp. as *Amicus Curiae* In Support of Plaintiff-Appellee Epic Games, Inc.'s Opposition to Google LLC's Emergency Motion for Partial Stay. The parties consent to the filing of Microsoft's *Amicus* Brief.

## STATEMENT OF INTEREST AND IDENTITY OF *AMICUS CURIAE*

Microsoft is a leading innovator in computer hardware, software, and security features. Microsoft's mission is to enable individuals and businesses throughout the world to realize their full potential by creating technology that transforms the ways people work, play, and communicate. Microsoft develops, manufactures, licenses, sells, and supports a wide range of programs, devices, and services, including Windows, Microsoft Azure, Microsoft 365, Surface, Xbox and Xbox Game Pass, and Bing. It invests billions of dollars in the research and development of new technologies, products, and services to compete in dynamic technology markets.

This case presents important antitrust issues arising from the explosion in mobile computing. The present motion, in particular, addresses the extent to which Google LLC ("Google") must implement an injunction ordered by the United States District Court for the Northern District of California (Donato, J.) in favor of Epic Games, Inc. ("Epic") following a jury's determination that Google's conduct — which remains ongoing today because of an administrative stay — violates federal and state antitrust law.

Microsoft brings a unique and balanced perspective to the legal, economic, and technological issues that Google raises in its motion. In part of its business, Microsoft sells hardware devices and one of the leading operating systems for personal computers. Microsoft also provides online stores for applications that run on its consumer operating systems. In other parts of its business, Microsoft sells applications and services that run on operating systems and devices built by other companies, like Google. It offers products that compete with Google and, like Epic, it offers games — including for distribution on the Android mobile operating system. Microsoft also is a global leader in digital security, protecting a significant amount of critical internet and computing infrastructure throughout the United States and the world.

Microsoft has an interest in ensuring both that antitrust law prevents a dominant firm's improper foreclosure of competition and that market-correcting

2

measures take effect without undue delay to enable innovation, pro-competitive investment, and beneficial technological integration.

## RELEVANCE OF PROPOSED BRIEF OF *AMICUS CURIAE*

In its opposition to Google's request for stay, Epic has explained why Google has failed to make the showing required to justify a stay of the injunction at issue. The purpose of the proposed brief of Microsoft as *amicus curiae* is to explain how certain Google policies that are the subject of the injunction have prevented Microsoft from offering mobile gaming experiences customers want, and why staying the injunction will cause immediate harm by blocking an innovative app that Microsoft will be ready to launch in weeks. Microsoft anticipates that its brief also would aid the Court in its consideration of whether Google's policies have valid security or privacy justifications that warrant the relief it seeks.

## CONSENT OF THE PARTIES

All parties have consented to the filing of the proposed *Amicus* Brief. In light of ambiguity as to whether Federal Rule of Appellate Procedure 29(a) and Circuit Rule 29-3 apply at the motions stage, Microsoft files this Unopposed Motion in an abundance of caution.

## CONCLUSION

Microsoft respectfully requests leave to file the attached *Amicus* Brief.

3

Respectfully submitted,

/s/ *Aaron M. Panner*

Aaron M. Panner
Alex A. Parkinson
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
apanner@kellogghansen.com

*Counsel for Amicus Curiae*

November 1, 2024

## CERTIFICATE OF COMPLIANCE

This motion complies with the word limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) and Circuit Rule 27-1 because it contains 607 words exclusive of exempted portions. The motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6).

**Signature**  s/ Aaron M. Panner            **Date** November 1, 2024

## CERTIFICATE OF SERVICE

I hereby certify that, on November 1, 2024, I caused to be filed electronically the foregoing Unopposed Motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ *Aaron M. Panner*
Aaron M. Panner