Nos. 24-6274, 24-6256

IN THE

# United States Court of Appeals

## FOR THE NINTH CIRCUIT

◆◆

EPIC GAMES, INC.,

*Plaintiff-Appellee,*

—v.—

GOOGLE LLC, ET AL.,

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
NOS. 3:20-CV-05671-JD, 3:21-MD-02981-JD
HON. JAMES DONATO

## BRIEF FOR *AMICUS CURIAE* PROFESSOR STEPHEN I. VLADECK IN SUPPORT OF DEFENDANTS-APPELLANTS

ALEXANDER J. KASNER
JENNIFER L. PORTIS*
COOLEY LLP
1299 Pennsylvania Avenue, NW,
   Suite 700
Washington, DC 20004
(202) 842-7800

ALLISON W. O'NEILL
COOLEY LLP
10265 Science Center Drive
San Diego, California 92121
(858) 550-6000

KATHLEEN R. HARTNETT
   *Counsel of Record*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, California 94111
(415) 693-2000

*Not admitted to the D.C. bar; admitted
to the Minnesota bar; supervised by
licensed D.C. bar member as required
by D.C. App. R. 49(c)(8).*

*Attorneys for Amicus Curiae Professor Stephen I. Vladeck*

## TABLE OF CONTENTS

INTEREST OF *AMICUS CURIAE* ....................................................1

INTRODUCTION AND SUMMARY OF ARGUMENT............................2

ARGUMENT ..................................................................................5

I.      Equitable Claims and Claims Seeking Solely Equitable Relief Are For the Court. ..................................................................5

II.     Both Google's and Epic's Consent Were Required for Epic's Solely Equitable Claims to Go to the Jury. ......................................9

III.    The District Court Erred in Refusing to Recognize Google's Withdrawal of Any Consent.................................................14

        A.    For Prejudice to Outweigh a Party's Right to Withdraw Consent, It Must Be Demonstrated and Not Presumed........15

        B.    The Short Time Between Withdrawal and Trial, Absent More, Is Not a Recognized Reason to Overcome a Party's Right to Withdraw Consent..........................................18

        C.    The Need to Shift Trial Strategy, Absent More, Is Not a Recognized Reason to Overcome a Party's Right to Withdraw Consent...........................................................21

CONCLUSION ...............................................................................24

i

# TABLE OF AUTHORITIES

*Alcatel USA, Inc. v. DGI Techs., Inc.*,
      166 F.3d 772 (5th Cir. 1999) ................................................... 10

*AMF Tuboscope, Inc. v. Cunningham*,
      352 F.2d 150 (10th Cir. 1965) ..................................... 19, 20, 21

*Armco, Inc. v. Armco Burglar Alarm Co.*,
      693 F.2d 1155 (5th Cir. 1982) ................................................. 18

*Baltimore & Carolina Line, Inc. v. Redman*,
      295 U.S. 654 (1935).............................................................. 5, 6

*Bereda v. Pickering Creek Indus. Park, Inc.*,
      865 F.2d 49 (3d Cir. 1989) ......................................... 10, 19, 20

*Broadnax v. City of New Haven*,
      415 F.3d 265 (2d Cir. 2005) ....................................... 10, 12, 14

*CBS Broad., Inc. v. EchoStar Commc'ns Corp*,
      450 F.3d 505 (11th Cir. 2006) ........................................... 15, 18

*CPI Plastics, Inc. v. USX Corp.*,
      22 F. Supp. 2d 1373 (N.D. Ga. 1995) ...................................... 22

*Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*,
      818 F. Supp. 2d 1193 (E.D. Cal. 2011) .................................... 10

*eBay Inc. v. MercExchange, LLC*,
      547 U.S. 388 (2006).................................................................. 7

*Fabick, Inc. v. JFTCO, Inc.*,
      No. 16-cv-172, 2019 WL 1320298
      (W.D. Wis. Mar. 22, 2019)...................................................... 12

*Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*,
      778 F.3d 1059 (9th Cir. 2015) ................................................... 5

*FN Herstal SA v. Clyde Armory Inc.*,
      838 F.3d 1071 (11th Cir. 2016) ............................. 15, 16, 17, 18

*Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*,
      28 F.4th 35 (9th Cir. 2022) ................................................. 9, 10

*Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*,
    921 F.3d 1343 (11th Cir. 2019) ............................................7, 8

*Hildebrand v. Board of Trustees*,
    607 F.2d 705 (6th Cir. 1979)............................................ 20, 22

*Indiana Lumbermens Mut. Ins. Co. v. Timberland Pallet &*
    *Lumber Co.*,
    195 F.3d 368 (8th Cir. 1999)............................................ 22, 23

*Kramer v. Banc of Am. Sec., LLC*,
    355 F.3d 961 (7th Cir. 2004)...................................... 15, 17, 18

*Lexington Furniture Indus., Inc. v. Lexington Co., AB*,
    No. 19-cv-6239, 2022 WL 13848274
    (S.D.N.Y. Oct. 24, 2022)................................................... 11, 13

*Markman v. Westview Instruments, Inc.*,
    517 U.S. 370 (1996)...................................................................6

*Merex A.G. v. Fairchild Weston Sys., Inc.*,
    29 F.3d 821 (2d Cir. 1994) ....................................................23

*Miller v. Fenton*,
    474 U.S. 104 (3d Cir. 1985)......................................................6

*Overwell Harvest, Ltd. v. Trading Techs. Int'l, Inc.*,
    114 F.4th 852 (7th Cir. 2024) ..................................................5

*Pals v. Schepel Buick & GMC Truck, Inc.*,
    220 F.3d 495 (7th Cir. 2000).............................................12, 14

*R.A. Barton v. Am. Red Cross*,
    826 F. Supp. 412 (M.D. Ala. 1993).........................................22

*Spinelli v. Gaughan*,
    12 F.3d 853 (9th Cir. 1993)......................................................8

*Tamosaitis v. URS Inc.*,
    781 F.3d 468 (9th Cir. 2015)....................................................8

*In re Tech. Licensing Corp.*,
    423 F.3d 1286 (Fed. Cir. 2005) ...............................................8

*Thomas v. Broward Cnty. Sheriff's Office*,
    71 F.4th 1305 (11th Cir. 2023)...............................................11

*Thompson v. Parkes*,
    963 F.2d 885 (6th Cir. 1992) ....................................... 11, 19, 20

*Toyota Motor Sales, U.S.A., Inc. v. Tabari*,
    610 F.3d 1171 (9th Cir. 2010) ..................................................8

*Tracinda Corp. v. DaimlerChrysler AG*,
    502 F.3d 212 (3d Cir. 2007) ............................................. 16, 18

*United States v. Louisiana*,
    339 U.S. 699 (1950)...................................................................7

*United States v. Schoenborn*,
    860 F.2d 1448 (8th Cir. 1988) ...............................................19

## Rules

Fed. R. Civ. P. 39 ....................................................... 4, 14, 16, 18

Fed. R. Civ. P. 39(a) ............................................................ 15, 16

Fed. R. Civ. P. 39(c) ............................................................ 10, 15

Fed. R. Civ. P. 39(c)(1) .................................................................22

Fed. R. Civ. P. 39(c)(2) ........................................ 3, 4, 9, 10, 14

## Constitutional Citations

U.S. Constitution Amend. VII....................................................5, 24

## Other Authorities

Samuel L. Bray, *Equity, Law, and the Seventh Amendment*,
    100 Tex. L. Rev. 467 (2022) .....................................................5

Patrick E. Higginbotham, *Continuing the Dialogue: Civil
    Juries and the Allocation of Judicial Power*, 56 Tex. L.
    Rev. 47 (1977) ........................................................................6, 7

9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. &
    Proc. Civ. § 2308 (4th ed. 2024) .............................................7

9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. &
    Proc. Civ. § 2333, Trial by Jury—Consent of the Parties
    (4th ed. 2024)........................................................................16

iv

9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. &
    Proc. Civ. § 2333, Trial by Jury—Consent of the Parties
    (4th ed. 2024)...........................................................................16

## INTEREST OF *AMICUS CURIAE*[1]

*Amicus curiae* Stephen I. Vladeck is a professor of law and the Agnes Williams Sesquicentennial Professor of Federal Courts at Georgetown University Law Center. Professor Vladeck is a nationally recognized expert on federal judicial procedure, and has won institutional, scholarly, and professional awards for his research, prolific and widely cited writing, and teaching in the field.

Professor Vladeck's interest in this case stems from his work on the distinctive historical and contemporary functions of the trial judge and the jury in both civil and criminal cases. Without any regard to the substantive questions of antitrust law presented in the broader litigation, Professor Vladeck is providing this *amicus* brief to help explain why it is imperative for courts of appeals to properly police the line between matters that can be tried to a jury and those that should be resolved by

---

[1] No party or party's counsel authored this brief in whole or in part, and no one other than *amicus* and his counsel have made a monetary contribution to this brief's preparation and submission. Defendants-Appellants consented to the filing of this brief, while Plaintiff-Appellee did not (and took no position on amicus moving for leave to file this brief). Accordingly, this brief accompanies a motion for leave to file it.

1

the trial court in the first instance—and why, in his view, the district court ended up on the wrong side of that line here.

## INTRODUCTION AND SUMMARY OF ARGUMENT[2]

In this antitrust suit, a jury found for plaintiff Epic over defendant Google. The district court then relied wholly on the jury's verdict in crafting a permanent injunction. But this case never should have been presented to a jury in the first place. When this dispute began as a consolidated multi-plaintiff litigation, with governmental and private plaintiffs seeking a mix of legal remedies and equitable relief, all parties operated on the presumption that core issues would be resolved by a jury. But by the time of trial, only one plaintiff—Epic—seeking one form of remedy—injunctive relief—remained. With no live damages claims left, Google sought a bench trial, as was its right. But the district court rebuffed Google's efforts, instead moving forward with a jury trial. After trial, Google renewed its argument that the case should never have been sent to a jury—and once again the district court rejected it, claiming Google raised the issue too late.

---

[2] Unless otherwise indicated, all emphases are added and internal citations and quotations omitted.

The district court's dismissal of both Google's objection to a jury trial and Google's unambiguous withdrawal of any purported consent to such a trial flipped on its head the established understanding of jury trials for equitable claims. Where, as here, a plaintiff raises only equitable claims and seeks only equitable relief, it has no right to a jury trial. This baseline stems from a careful understanding of the role and benefits of both judge and jury as finders of fact. And as Federal Rule of Civil Procedure 39(c)(2) and caselaw make clear, mutual consent—either express or implied—is, and ought to be, the only path to a nonadvisory jury trial for solely equitable claims or relief.

Here, the district court determined that Rule 39(c)(2) was satisfied, holding that Google gave "unambiguous express and implied consent to a jury trial." Yet the "express" consent found by the district court was anything but. The filings joined by Google and cited by the district court as support for Google's claimed express consent were conditional at best, and do not rise to the level of express consent. Likewise, there was no clear showing that Google impliedly consented. Moreover, this Court should carefully consider other circuits' caution that, while implied consent may be appropriate for a jury to handle unremarkable equitable

questions (for instance, calculating lost wages), it may not be for factual determinations that—as here—become the building blocks for permanent equitable relief.

Finally, even if Google had consented to a jury trial, it had the right to withdraw that consent and in fact did so. Rule 39 places no limitation on a party's unilateral right to withdraw consent to a jury trial for equitable claims—and courts regularly recognize such withdrawals. Yet the district court here focused on supposed prejudice to Epic based upon the timing of Google's attempted withdrawal. But neither of the factors cited by the district court—the withdrawal purportedly coming two days before the start of trial or the substantial resource investment of preparing for a jury trial—can, without more, constitute prejudice. Courts routinely hold that there is no deadline for withdrawal, including within days or weeks of calling the jury. And Epic's claimed investment in a jury trial cannot alone be dispositive. The pivot from jury to bench trials is, after all, a core feature of Rule 39. Thus, at a bare minimum, Google's right to withdraw consent to a jury trial should not have been blocked by Epic's assertions of prejudice. The district court erred, and its

4

error should not be affirmed lest it set a precedent that further blurs the critical distinction between the proper roles of the judge and the jury.

## ARGUMENT

## I. EQUITABLE CLAIMS AND CLAIMS SEEKING SOLELY EQUITABLE RELIEF ARE FOR THE COURT.

When determining whether a party has a right to a jury trial, courts compare the action to "18th-century actions brought in the courts of England prior to merger of the courts of law and equity" and "examine the remedy sought and determine whether it is legal or equitable in nature." *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015); *see also Overwell Harvest, Ltd. v. Trading Techs. Int'l, Inc.*, 114 F.4th 852, 860 (7th Cir. 2024); Samuel L. Bray, *Equity, Law, and the Seventh Amendment*, 100 Tex. L. Rev. 467, 478-82 (2022) (noting that courts' approach to the structure and relative emphasis of these two inquiries is in flux).

The Seventh Amendment thus protects for the right to a trial by jury where such a right "existed under the English common law when the amendment was adopted." *Baltimore & Carolina Line, Inc. v. Redman*, 295 U.S. 654, 657 (1935). In the process, it preserves the "common-law distinction": "[I]n the absence of express or implied consent to the

5

contrary, issues of law are to be resolved by the court and issues of fact are to be determined by the jury" pursuant to the court's instructions. *Id.*

While the distinctions between fact and law—and jury and judge—are often clear from the common-law history, sometimes "history and precedent provide no clear answers." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 388 (1996). In such cases, "functional considerations" may play a part—for instance, "'one judicial actor is better positioned than another to decide the issue in question.'" *Id.* (quoting *Miller v. Fenton*, 474 U.S. 104, 114 (1985)).

Among other things, "actions in equity . . . address the need for individualized justice" rather than uniformity. Patrick E. Higginbotham, *Continuing the Dialogue: Civil Juries and the Allocation of Judicial Power*, 56 Tex. L. Rev. 47, 57 (1977). And so questions of whether a party has engaged in unfair conduct, to take one example, or whether a remedy may serve the public interest, are best handled by the court rather than an impartial jury. Finally, as a practical matter, bench trials—resulting in "carefully specif[ied] . . . findings of fact" and "conclusions of law"—are better suited for stringent appellate review, whereas the "black box decisions" made by a jury (such as guilt or innocence, or the fixing of

6

damages) are less amenable to appellate oversight. *Higginbotham*, *supra*, at 57-58.

Once the action is categorized, first principles dictate that judges, not juries, decide equitable claims. Of course, this maxim governs requests for injunctions as well. *E.g.*, *United States v. Louisiana*, 339 U.S. 699, 706 (1950), *superseded by statute on other grounds*, *Parker Drilling Mgmt. Serv., Ltd. v. Newton*, 587 U.S. 601 (2019) (denying motion for jury trial on "equity action for an injunction"; the "Seventh Amendment . . . [is] applicable only to actions at law"). "[T]he decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 394 (2006). Prayers for injunctive relief were "unknown to the common law courts of England or the United States until the merger of law and equity," and so remain a creature of judicial discretion. 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2308 (4th ed. 2024).

Accordingly, parties seeking injunctive relief or other equitable remedies are not entitled to a jury trial on those claims. *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1353 (11th Cir. 2019)

("[I]njunctive relief is the quintessential form of equitable remedy; it does not entitle a plaintiff to a jury trial."); *see also Spinelli v. Gaughan*, 12 F.3d 853, 858 (9th Cir. 1993) (holding that "a jury trial was not required" because the claim was "essentially equitable in nature").

The same is still true where a claim gives rise to remedies in both law and equity, but only equitable relief is sought. Where a statute authorizes, and a plaintiff seeks, both legal and equitable relief, the plaintiff retains the right to a jury trial. *See Tamosaitis v. URS Inc.*, 781 F.3d 468, 487 (9th Cir. 2015) ("where a statute authorizes both equitable and legal relief, the plaintiff's decision to join a legal claim with an equitable claim does not abridge the right to jury trial on the legal claim" (cleaned up)). But a plaintiff's conscious choice to forgo legal remedies and seek only equitable remedies eliminates their jury trial right. *See, e.g.*, *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1183-84 (9th Cir. 2010) ("Because [plaintiff] only sought an injunction, the district court did not err by resolving its claims in a bench trial."); *In re Tech. Licensing Corp.*, 423 F.3d 1286, 1291 (Fed. Cir. 2005) ("[T]he patentee's decision to seek only equitable relief resulted in the entire case, including the invalidity claims, being triable to the court, without a jury.").

8

As relevant here, Epic seeks only injunctive relief.  1-ER-25.  In such circumstances, and where the parties have not consented to a jury trial, the district court alone would ordinarily try that claim and the plaintiff would have no right to a trial by jury.

## II.  BOTH GOOGLE'S AND EPIC'S CONSENT WERE REQUIRED FOR EPIC'S SOLELY EQUITABLE CLAIMS TO GO TO THE JURY.

Although there is no jury right for solely equitable claims, the Federal Rules of Civil Procedure permit a jury, with consent of all parties, to decide equitable claims—subject to limited exceptions.  As the trial court below correctly noted, "[i]n an action not triable of right by a jury, the court, on motion or on its own . . . may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial."  Fed. R. Civ. P. 39(c)(2).

When assessing "consent" to a jury trial of equitable claims under Rule 39(c)(2), courts recognize that this term includes express consent. It is less settled, both in this Circuit and in other Circuits, if and when "implied" consent suffices for "consent" under Rule 39(c)(2).  There is scant circuit precedent on this issue. *See Harbor Breeze Corp. v. Newport*

9

*Landing Sportfishing, Inc.*, 28 F.4th 35, 40-41 (9th Cir. 2022) (crediting out-of-circuit caselaw holding "express" consent to a nonadvisory jury is not required under Rule 39(c)(2)); *see also Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 818 F. Supp. 2d 1193, 1206 (E.D. Cal. 2011) ("[T]he court has not located published Ninth Circuit authority establishing that participation in a jury trial without objection is tantamount to consent under Rule 39(c)," though finding Ninth Circuit authority on waiver "binding.").

Looking outside this circuit, some courts of appeals have held that express consent is not required to satisfy trial by consent under Rule 39(c). *See, e.g.*, *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 795-96 n.101 (5th Cir. 1999) ("The express consent of the parties to a nonadvisory jury is not required[.]"); *Bereda v. Pickering Creek Indus. Park, Inc.*, 865 F.2d 49, 52 (3d Cir. 1989) (same). And some have recognized that silence can serve as implied consent. *See, e.g.*, *Broadnax v. City of New Haven*, 415 F.3d 265, 272 (2d Cir. 2005) ("[W]here a party requests a jury determination of an issue . . . and the other party or parties fail to object, such silence may be deemed 'consent' under Rule 39(c).").

10

As a general matter, courts look to parties' conduct and filings in finding implied consent. *See, e.g.*, *Thompson v. Parkes*, 963 F.2d 885, 886, 888 (6th Cir. 1992) (finding consent where no objection was raised to jury demand and nothing in "documents or in the pleadings . . . suggest[s] that the parties or the court had drawn a distinction among the claims regarding the role of the jury, nor that the stipulation and orders regarding the jury trial applied to less than all of the claims in the case"). Specifically, joint filings may be deemed evidence of parties' consent for issues to be decided by the jury. *See, e.g.*, *Thomas v. Broward Cnty. Sheriff's Office*, 71 F.4th 1305, 1315 (11th Cir. 2023) (holding parties satisfied the consent precondition to Rule 39(c)(2) when they "jointly submitted proposed jury instructions"); *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, No. 19-cv-6239, 2022 WL 13848274, at *5-6 (S.D.N.Y. Oct. 24, 2022), *aff'd*, No. 22-2993, 2023 WL 8889514 (2d Cir. Dec. 26, 2023) (finding consent where the objecting party did not move to strike a jury demand and "submitted a proposed Joint Pre-Trial Order" statement stating that "this is a jury trial" without claim- or issue-based carve-outs). And some courts recognize the act of proceeding to trial—without first objecting to jury trial—as evidence of implied consent. *See,*

11

*e.g.*, *Fabick, Inc. v. JFTCO, Inc.*, No. 16-cv-172, 2019 WL 1320298, at \*2 (W.D. Wis. Mar. 22, 2019), *aff'd on other grounds*, 944 F.3d 649 (7th Cir. 2019).

Notably, some circuits have limited implied consent to a jury trial of equitable claims to certain types of cases and remedies. For example, in determining whether a party has given implied consent, the Second Circuit considers whether submitting an equitable claim to the jury would impede on the "special competence or authority belonging solely to the court." *Broadnax*, 415 F.3d at 272. And the Seventh Circuit has raised similar concerns, noting the distinction between finding implied consent to juries deciding monetary value (requiring less scrutiny) and deciding injunctive relief (demanding more). *See, e.g.*, *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 501 (7th Cir. 2000) (distinguishing between simple "dollar value" questions that "juries routinely determine" and "drafting an injunction" (cleaned up)).

The district court's approach to finding implied consent in this case deviates from the principles reflected in this caselaw. Although the district court claimed that Google gave "unambiguous express and implied consent to a jury trial," 1-ER-50, the record does not support that

conclusion under the standards for "consent" generally applied by other courts. While "[t]he parties agree[d] that all claims by Plaintiffs are triable to a jury," they memorialized significant exceptions—specifically carving out from this otherwise seemingly broad consent the determination of (1) UCL claims that are "solely equitable in nature" and (2) "the nature and scope of any injunctive or other equitable relief that may be available as a remedy for any claim." 4-ER-902-03. Those issues, the parties agreed, were for the court to decide. *Id.*[3] Moreover, these agreements by the parties as to the "trial structure" applied to instances in which, at minimum, "Epic and the Match Plaintiffs" were to be tried together (and both legal and equitable issues needed to be resolved), not explicitly to an Epic-only trial. *Id.*

Just as the language of the Joint Submission, when read in context, demonstrates that Google did not provide express consent to trial of solely equitable claims, that language shows a lack of clear implied consent. To the extent this Court determines that implied consent is permissible, in

---

[3] The parties' agreed-upon exceptions are meaningful. *Cf. Lexington Furniture*, 2022 WL 13848274, at *5-6 (finding that "silence amounted to consent" in part because a proposed Joint Pre-Trial Order characterized "'[t]his [as] a jury trial,' with no carve out for any claim or issue").

some circumstances, under Rule 39(c)(2), it should consider whether a jury trial would touch on a matter within the Court's "special competence." *See, e.g.*, *Broadnax*, 415 F.3d at 272; *Pals*, 220 F.3d at 501. This limitation matters, because here, based on the premise of implied consent, the district court pushed the jury beyond a typical role. Rather than the jury handling equitable matters that still are "dollar values," the jury was—through their verdict—handling the elements of the district court's injunctive relief.[4] On these facts, the functional duties performed by the jury below were, in essence, "draft[ing] an injunction." *See Pals*, 220 F.3d at 501 (7th Cir. 2000). This was unsupported by Rule 39 or caselaw.

## III. THE DISTRICT COURT ERRED IN REFUSING TO RECOGNIZE GOOGLE'S WITHDRAWAL OF ANY CONSENT.

Even assuming Google had consented, impliedly, to a jury trial of Epic's equitable claims against it, the district court should have granted

---

[4] As the district court noted in its October 7, 2024 order granting a permanent injunction, Epic "did not need to spell out th[e] four-factor test in post-verdict briefing" regarding the need for a permanent injunction (stemming from its statutory unfair competition claim), because "[a]ll of the elements *were thoroughly established by the jury verdict*" along with "the evidence at trial." 1-ER-12-13.

14

Google's explicit withdrawal of any such consent. As written, "there is no restraint in the text of Rule 39 on the ability of a party to withdraw its consent to a jury trial that is not of right." *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 968 (7th Cir. 2004). A jury trial for equitable claims is a creature of mutual consent, and consent may of course be retracted. Courts have thus understood that, where "no right to a jury trial exists," "a party may unilaterally withdraw its consent to a jury trial." *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1089 (11th Cir. 2016).

The district court appeared to recognize Google's theoretical right to withdraw its consent, but nevertheless denied Google's withdrawal based upon considerations absent from the text of Rule 39(c), namely, the "immense prejudice to Epic" of changing course from jury trial to bench trial. 1-ER-51. This deviates from how courts typically address this issue.

### A. For Prejudice to Outweigh a Party's Right to Withdraw Consent, It Must Be Demonstrated and Not Presumed.

At the outset, it is far from established that prejudice is an appropriate consideration when confronting a withdrawal under Rule 39(c). Indeed, courts have repeatedly interpreted nearby Rule 39(a), which authorizes a motion to strike a jury demand of equitable claims

15

not tried by jury as of right, without regard to prejudice. *E.g.*, *FN Herstal*, 838 F.3d at 1090 (citing *CBS Broad., Inc. v. EchoStar Commc'ns Corp*, 450 F.3d 505, 517 n.25 (11th Cir. 2006)) ("This court has affirmed a district court's striking a jury demand 'days before trial' without any consideration of prejudice because no right to a jury existed where only equitable relief was sought."); *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 227 (3d Cir. 2007) ("Because a party may file a motion to strike a jury demand at any time under Rule 39(a), . . . we need not consider whether [defendant's] delay caused prejudice to [plaintiff]."); *see* Trial by Jury—Consent of the Parties, 9 Fed. Prac. & Proc. Civ. § 2333 (Wright & Miller 4th ed.) ("A jury demand may be stricken without any consideration of prejudice when no right to a jury exists because only equitable relief is sought."). And this makes sense: Absent a right to trial by jury or any textual restraint in Rule 39, there is no basis for considering prejudice to the non-moving party.

Some circuits have allowed consideration of prejudice in limiting the right to withdrawal. *E.g.*, *FN Herstal*, 838 F.3d at 1089 ("When no right to a jury trial exists *and where no prejudice will result*, a party may unilaterally withdraw its consent to a jury trial."). Rather than such

16

prejudice being simply presumed, it is instead incumbent on the party opposing withdrawal to provide a "reason why [it] was prejudiced . . . ." *Kramer*, 355 F.3d at 968; *e.g.*, *FN Herstal*, 838 F.3d at 1090 (affirming district court's findings as to lack of prejudice). Here, such a showing is lacking, and thus the Court need not reach the question of whether prejudice is appropriately part of the withdrawal inquiry, because no adequate showing was made here.

The district court pointed to two sources of claimed prejudice to Epic given Google's withdrawal. First, prospectively, the district court raised the short time between Google's withdrawal and the start of trial. Second, retrospectively, the district court was concerned with the fairness of Epic's investment of resources in preparation for a jury trial rather than bench trial. Assuming prejudice is properly considered, each of these concerns—in theory—could be appropriately considered. But here the district court relied on assumptions, rather than actual findings of prejudice, and it drew from inapposite caselaw. Accordingly, its prejudice conclusion must be reevaluated.

17

**B.     The Short Time Between Withdrawal and Trial, Absent More, Is Not a Recognized Reason to Overcome a Party's Right to Withdraw Consent.**

The district court first determined that the "two court days" between Google's withdrawal of consent and the start of trial was per se prejudicial.  1-ER-50 ("That was far too late.").[5]  But, the fact that a withdrawal is close to trial does not itself create prejudice.  In fact, there is "no time limit" under Rule 39 "for the filing of an objection to the demand for a jury trial." *FN Herstal*, 838 F.3d at 1090.  And "[p]arties 'have a great deal of latitude on the timing of motions to strike a jury demand.'" *Tracinda Corp.*, 502 F.3d at 226 (quoting Moore's Federal Practice ¶ 8-39.13).  A party may properly do so "two weeks" before trial. *See, e.g.*, *Kramer*, 355 F.3d at 968.  Or "days before trial," *CBS Broad.*, 450 F.3d at 517 n.25—or even "[o]n the eve of trial," *Armco, Inc. v. Armco*

---

[5] As Google notes in its opening brief, that timeline may not even be accurate—Google alerted the district court on October 12, 2023 (weeks before trial) that, if Epic was the only remaining defendant, there would be "no jury" because "Epic is not seeking damages." 4-ER-861-63.  Such notice may also ameliorate the prejudice to Epic in preparing for a bench trial as opposed to a jury trial, though the district court did not reach any particular findings, as discussed further below. *See Tracinda Corp.*, 502 F.3d at 227 n.16 ("[A]pproximately seven months before DaimlerChrysler filed its motion to strike, Tracinda was on notice of DaimlerChrysler's position that a bench trial was warranted.").

18

*Burglar Alarm Co.*, 693 F.2d 1155, 1158 (5th Cir. 1982). And the court may grant such a request "the day before trial." *United States v. Schoenborn*, 860 F.2d 1448, 1455 (8th Cir. 1988) (no abuse of discretion for court to grant motion to strike jury demand filed a week before trial).

Compounding matters, the district court premised its holding— that the late hour, alone, was dispositive—on a trio of inapposite cases: *Bereda v. Pickering Creek Industrial Park, Inc.*, 865 F.2d 49 (3d Cir. 1989); *Thompson v. Parkes*, 963 F.2d 885 (6th Cir. 1992); and *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150 (10th Cir. 1965). None of these cases involve a *party*'s unilateral withdrawal of consent. Instead, each involve the power of the *court* (and the limits of that power) to override parties' mutual consent.

For example, in *Bereda*, both parties requested a jury trial for an equitable claim, and thus there was no right to trial by jury. 865 F.2d at 52. The district court, after initially granting that request, reversed course and declared the jury advisory after the jury had already reached its verdict. *Id.* at 50. The Third Circuit reversed, holding "Rule 39(c) does not permit *the district court* to withdraw its prior consent to the litigants' request for a nonadvisory jury." *Id.* at 55. And to the extent

19

the Third Circuit set down any deadline by which trial could be shifted from a jury trial to bench trial, it would be "no later than the time at which the jury selection has begun," *id.* at 53—which had not yet come to pass when Google withdrew its consent here.

Likewise, in *Thompson*, an equitable claim went to the jury upon the plaintiff's request and defendant's lack of objection. After the jury returned its verdict, the court declared the jury advisory. *Thompson*, 963 F.2d at 887. As with the Third Circuit in *Bereda*, the Sixth Circuit reiterated that while a district court was free to "not . . . go along with the [parties'] stipulation" to a jury trial," "once that occurs, it"—that is, *the district court*—"does not have unbridled discretion to change its mind." *Thompson*, 963 F.2d at 889 (quoting *Hildebrand v. Board of Trustees*, 607 F.2d 705, 711 (6th Cir. 1979)).

Finally, in *AMF Tuboscope*, the parties stipulated to a jury trial on all claims. 352 F.2d at 152. On the "eve of trial," sua sponte, the district court withdrew its approval of that arrangement and set the case for a bench trial. *Id.* at 155. The Tenth Circuit held that the district court erred—the court's revocation of consent, for "[n]o good reason" but rather on the judge's "known reluctance to try a case to a jury," was no basis for

the court to go back on its word and invalidate the parties' agreement. *Id.*

None of these cases stand for the proposition claimed by the district court here: that a party's right to withdraw consent to try equitable claims to a jury, which has no textual restriction, is nonetheless bound to a firm pretrial deadline.

### C. The Need to Shift Trial Strategy, Absent More, Is Not a Recognized Reason to Overcome a Party's Right to Withdraw Consent.

The district court's second concern—that Epic "had spent many months preparing for a jury trial," 1-ER-51—is likewise insufficient to demonstrate prejudice. A late shift from a jury to bench trial will undoubtedly frustrate counsel and litigants. But there was no actual showing here of any prejudice to Epic, let alone one outweighing Google's right to withdraw.

Notably, district courts regularly hold that an objection to a jury trial—and a switch to a bench trial—shortly before jury selection is not prejudicial. As courts have explained, parties can "adjust their presentation for a bench trial" on relatively short notice, particularly given that a "trial before the Court" may often "require less preparation

21

than trial before a jury." *CPI Plastics, Inc. v. USX Corp.*, 22 F. Supp. 2d 1373, 1378 (N.D. Ga. 1995); *see also R.A. Barton v. Am. Red Cross*, 826 F. Supp. 412, 415 (M.D. Ala. 1993), *aff'd* 43 F.3d 678 (11th Cir. 1994) ("If anything, a jury trial would require slightly more preparation."). Here, the district court found no showing to the contrary; it simply assumed prejudice based on Epic's preparations. That was error.

Rule 39(c)(1) is also instructive. This rule gives the trial court the right (where the action is "not triable of right by a jury") to consider the jury's verdict advisory. Some courts have held that Rule 39(c)(1) "does not expressly require advance notice to the parties of the court's intention to treat the jury as advisory[.]" *Indiana Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co.*, 195 F.3d 368, 375 (8th Cir. 1999) (citation omitted). Of course, "such notice is preferable." *Id.* "Any good trial lawyer will testify that there are significant tactical differences in presenting and arguing a case to a jury as opposed to a judge." *Hildebrand*, 607 F.2d at 710. The tactical benefits to knowing in advance who the finder of fact will be are clear.

But a district court's decision to switch from jury trial to an advisory jury without any notice to the parties is not an abuse of discretion,

"absent some *demonstrable* prejudice to the complaining party." *Merex A.G. v. Fairchild Weston Sys., Inc.*, 29 F.3d 821, 827 (2d Cir. 1994) (district court ruled midtrial that case would go to advisory jury); *Indiana Lumbermens*, 195 F.3d at 375 ("failure to give advance notice alone, absent some *demonstrable* prejudice to the complaining party," is not "a basis for reversal").

So too here, the need for Epic to shift strategy is not itself a reason to forbid withdrawal of consent. After all, every case in which a party withdraws consent (just as with moving to strike a jury demand, or a judge's decision to treat a jury as advisory) will require counsel to make tactical changes and abandon spent resources. Absent some further finding—that the withdrawing party did so for the purposes of gamesmanship, for instance—the mere expending of party resources preparing for a jury trial cannot be enough to override a party's right to withdraw consent to a jury trial where it has a right to do so.

## <u>CONCLUSION</u>

The district court thus erred in denying Google's renewed motion for judgment as a matter of law. More significantly, though, it erred in ways that could further blur the crucial distinction drawn by the Seventh Amendment, the Federal Rules of Civil Procedure, and decades of case law between the provenance of the civil trial judge and of the civil jury. This court should therefore not only reverse the decision below; it should reinforce why these distinctions matter.

Dated: December 4, 2024          Respectfully submitted,

                                 */s/ Kathleen R. Hartnett*_____

Kathleen R. Hartnett              Alexander J. Kasner
  *Counsel of Record*             Jennifer L. Portis
COOLEY LLP                        COOLEY LLP
3 Embarcadero Center, 20th Floor  1299 Pennsylvania Avenue, NW
San Francisco, CA 94111           Suite 700
Telephone: (415) 693-2000         Washington, DC 20004-2400
Facsimile: (415) 693-2222         Telephone: (202) 842-7800
khartnett@cooley.com              Facsimile: (202) 842-7899
                                  akasner@cooley.com
Allison W. O'Neill                jportis@cooley.com
COOLEY LLP
10265 Science Center Drive
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6240
aoneill@cooley.com

*Counsel for Amicus Curiae Professor Stephen I. Vladeck*

25

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

**9th Cir. Case Number: 24-6256, 24-6274**

I am the attorney or self-represented party.

**This brief contains 5,028 words**, excluding the items exempted by Fed. R. App. P. 32 (f).  The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[] complies with the word limit of Cir. R. 32-1.

[] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[X] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [] it is a joint brief submitted by separately represented parties;
    [] a party or parties are filing a single brief in response to multiple briefs; or
    [] a party or parties are filing a single brief in response to a longer joint brief.

[] complies with the length limit designated by court order dated

_____.

[] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-

2(a).

**Signature** */s/ Kathleen R. Hartnett*          **Date** December 4, 2024