Nos. 24-6256 & 24-6274

IN THE

# United States Court of Appeals for the Ninth Circuit

EPIC GAMES, INC.,

*Plaintiff-Appellee,*

v.

GOOGLE LLC, *et al.,*

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Northern District of California
Nos. 3:20-cv-05671-JD, 3:21-md-02981-JD
Hon. James Donato

## EPIC GAMES, INC.'S MOTION FOR EXTENSION OF TIME TO FILE AMICUS BRIEFS

Gary A. Bornstein
Yonatan Even
Lauren A. Moskowitz
Justin C. Clarke
Michael J. Zaken
M. Brent Byars
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001-1867
(212) 474-1000

Thomas C. Goldstein
4323 Hawthorne St.
Washington, DC 20016
(202) 674-7594

Paul J. Riehle
FAEGRE DRINKER BIDDLE & REATH
LLP
Four Embarcadero Center
San Francisco, CA 94111-4180
(415) 591-7500

Pursuant to Rule 29(a)(6) of the Federal Rules of Appellate Procedure, Epic Games, Inc. ("Epic") moves for **a seven day extension** of the deadline to file amicus briefs in support of Epic, to **January 10, 2025**, provided that such extension would not make a hearing in February 2025 or very soon thereafter impracticable. Epic Games states as follows:

1.   The Court ordered an expedited briefing schedule for this appeal. Under that schedule, Google filed its opening brief on November 27, 2024; amici in support of Google filed their briefs on December 4, 2024; Epic is set to file its response on December 27, 2024; and amici in support of Epic are currently set to file their briefs immediately following the Holidays, **on January 3, 2025**. Google's reply brief is then due on January 17, 2025, with oral argument set for February 3, 2025.

2.   The issues at stake in Google's appeal are of great public importance. Google is seeking to overturn a jury verdict finding it in violation of federal and state antitrust laws, to the detriment of hundreds of millions of consumers and many

1

thousands of app developers, and an injunction that was tailored to address Google's anticompetitive conduct and restore competition, to the benefit of those consumers and developers.

3.    Epic understands that several amici wish to file briefs in support of Epic's position on the merits.  However, some amici find challenging the current deadline for filing briefs in support of Epic—January 3, 2025—due to the Holidays in the two weeks leading up to that filing date.  Epic understands that absent an extension, several amici who would otherwise file a brief in support of Epic's position will have to forego doing so, depriving the Court of unique points of view, including likely some that would respond to the multitude of amici who have filed briefs in support of Google.

4.    Epic therefore requests that the deadline to file an amicus brief in support of Epic's position be extended to **January 10, 2025**.  However, Epic is cognizant this Court ordered that this case be heard in February (Dkt. 18.1 at 1-2), and that oral argument is currently set for February 3, 2025, and **Epic**

2

**does not wish the requested extension to delay this appeal**.  Thus, Epic requests this extension only if the court's calendar would allow for the appeal to be heard on February 3, 2025, as currently scheduled, or on some other date during February 2025 or very soon thereafter.

5.  Google objects to this request and intends to file an opposition. But the extension Epic is moving for would not prejudice Google; even under the current schedule, Google would have seven days between the filing of the amicus briefs, and moreover, Epic made clear to Google that it would not object to a short extension of Google's time for reply, allowing Google ample time to review and respond to these amicus briefs.  If the oral argument cannot be held in February or very soon thereafter if Epic's motion were granted, then Epic does not seek the extension.

December 16, 2024

Respectfully submitted,

*/s/ Yonatan Even*

Gary A. Bornstein
Yonatan Even
Lauren A. Moskowitz
Justin C. Clarke
Michael J. Zaken
M. Brent Byars
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-10001-1867

Paul J. Riehle
FAEGRE DRINKER BIDDLE & REATH
LLP
Four Embarcadero Center
San Francisco, CA 94111
(415) 591-7500

Thomas C. Goldstein
4323 Hawthorne St.
Washington, DC 20016
(202) 674-7594

*Counsel for Plaintiff-Appellee Epic Games, Inc.*

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Circuit Court Rule 27-1(1)(d) and Circuit Rule 32-3 because it contains 511 words, excluding the parts of the brief exempted by Fed. R. App. P. 27(a)(2)(B) and Fed. R. App. P. 32(f).

I certify that this brief complies with the typeface requirements of Fed. R. App. P. 27(d).


December 16, 2024                          */s/ Yonatan Even*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on December 16, 2024. All participants in the case are registered ACMS users, and service will be accomplished by the appellate ACMS system.

*/s/ Yonatan Even*

6