Nos. 24-6256, 24-6274

I<small>N</small> T<small>HE</small>
# United States Court of Appeals for the Ninth Circuit

I<small>N RE</small>: G<small>OOGLE</small> P<small>LAY</small> S<small>TORE</small> A<small>NTITRUST</small> L<small>ITIGATION</small>

E<small>PIC</small> G<small>AMES</small>, I<small>NC</small>.,

*Plaintiff-Appellee*,

v.

G<small>OOGLE</small> LLC, *et al*.,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Northern District of California
Nos. 3:20-cv-05671-JD, 3:21-md-02981-JD
Hon. James Donato

**APPELLANTS' OPPOSITION TO EPIC GAMES, INC.'S MOTION FOR EXTENSION OF TIME TO FILE AMICUS BRIEFS**

| | |
|---|---|
| Katherine B. Wellington<br>H<small>OGAN</small> L<small>OVELLS</small> US LLP<br>125 High Street, Suite 2010<br>Boston, MA 02110<br>Telephone: (617) 371-1000 | Neal Kumar Katyal<br>Jessica L. Ellsworth<br>Reedy C. Swanson<br>Natalie Salmanowitz<br>H<small>OGAN</small> L<small>OVELLS</small> US LLP<br>555 Thirteenth Street NW<br>Washington, DC 20004<br>Telephone: (202) 637-5600<br>Facsimile: (202) 637-5910<br>neal.katyal@hoganlovells.com |
| December 17, 2024 | *Counsel for Defendants-Appellants* |

*(Additional Counsel Listed on Signature Page)*

Appellants Google, LLC, *et al.* ("Google"), respectfully oppose the motion of appellee Epic Games, Inc. ("Epic"), seeking a blanket extension of a deadline that does not apply to Epic—apparently to accommodate unidentified and unquantified potential amici who Epic says might file briefs in support of Epic in this expedited appeal if there is a later amicus deadline.

The due date for amicus briefs in support of Epic has been set since October 22, 2024, when this Court *sua sponte* expedited the appeal and set a very tight briefing schedule to allow oral argument in February 2025. Dkt. 18.1. The order specified that "[n]o streamlined extensions of time will be approved." *Id.* at 2. Google filed its brief on time on November 27, the day before Thanksgiving, and nineteen amici did the same on December 3, a few days after Thanksgiving—along with motions for leave because Epic refused to consent to the vast majority of them, including amici whose brief it previously consented to at the stay stage of this appeal.

Now, two months after the deadlines in this expedited appeal were set, Epic is asking this Court to move the deadline for amicus briefs supporting Epic because, according to Epic, some unidentified number of additional amici might file a brief if that deadline is moved back by a week, to January 10, 2025, instead of January 3. But Epic never identifies who those amici are, let alone explains why it is appropriate for Epic to pay its attorneys to submit a motion on behalf of Epic's amici seeking to move their deadline for submitting a brief. *Cf.* Fed. R. App. P. 29(a)(4)(E)(ii)-(iii)

1

(amicus must state that no party contributed funding related to "preparing or submitting the brief"). Epic's request is particularly inappropriate because Google's reply brief is due just five business days after the new deadline Epic is requesting, which in turn is just two weeks before the argument is set.

Epic's motion should be denied for two basic reasons.

*First*, Epic has not made—and cannot make—the required "showing of diligence and substantial need" under this Court's rules. Ninth Cir. R. 31-2.2(b). Indeed, Epic does not even acknowledge that standard in its motion. Nor does Epic attach the required declaration, which requires a movant to state (among other things) that the "*movant* has exercised diligence" and that the brief "will be filed within the time requested." *Id.* (emphasis added). These failures are not surprising, because the amicus deadline does not even apply to Epic, whose brief is due on December 27; the deadline applies to third parties who Epic says might consider filing an amicus brief if there is a later deadline to do so. Epic cannot speak to the diligence or substantial need of these unidentified entities, or whether they will definitively file a brief if the deadline is changed.

In Epic's own telling, "some" potential amici—who have known about the applicable deadline for months and had more than ten weeks to prepare a brief—would like a later deadline. Dkt. 130.1 at 2. Presumably that means others do not need an extension, but Epic identifies no one in either category and never explains

2

why any potential amicus has lacked sufficient time to prepare an amicus brief. Notably, no potential amicus filer has approached Google to seek a one-week extension. And Epic's motion offers exactly the sort of vague and conclusory statement this Court's rules call out as insufficient. Fed. R. App. P. 31.2-2(b) ("A conclusory statement as to the press of business does not constitute a showing of diligence and substantial need."). Epic's failure to comply with this Court's rules governing extensions alone merits denial of the motion.

*Second*, in this expedited appeal, Epic's late request would prejudice Google. The deadline for amici supporting Epic was set in October, and any potential amicus party could have started working on a brief then. Epic waited until three weeks *after* this Court set the February 3 argument date to seek an extension for potential amici, and its suggestion that the solution is for Google to ask to extend the reply brief's due date is not realistic given the short time between submission of the reply and argument. *See* Dkt. 130.1 at 3. Had Epic (or an individual amicus) filed promptly to explain why an extension was needed, the Court could have taken that into consideration when setting the argument date during the Court's February argument calendar.

In a complex case like this one that is being briefed on an expedited schedule, there is no basis to further compress the timeframe based on vague and non-specific statements like those Epic has offered—especially where any amicus supporting

3

Epic already had twice as long to file a brief as those who filed in support of Google (ten weeks versus five weeks). Google should not have to respond to an unquantified and unidentified number of amici briefs on the shortened timeframe Epic proposes, and the Court should not have to prepare for argument on a shortened timeframe either because of an extension of the due date for the reply brief. That is especially so where no amicus has even stated they need a one-week extension, and Epic has not met the "showing of diligence and substantial need" required under this Court's rules.

This Court should deny Epic's request to rewrite the expedited schedule ordered in October to provide an orderly process for a February argument.

Dated: December 17, 2024                    Respectfully submitted,

/s/ Neal Kumar Katyal

|  |  |
|---|---|
| Katherine B. Wellington<br>Hogan Lovells US LLP<br>125 High Street, Suite 2010<br>Boston, MA 02110<br>Telephone: (617) 371-1000 | Neal Kumar Katyal<br>Jessica L. Ellsworth<br>Reedy C. Swanson<br>Natalie Salmanowitz<br>Hogan Lovells US LLP<br>555 Thirteenth Street NW<br>Washington, D.C. 20004<br>Telephone: (202) 637-5600<br>Facsimile: (202) 637-5910<br>neal.katyal@hoganlovells.com |
| Brian C. Rocca<br>Sujal J. Shah<br>Michelle Park Chiu<br>Leigha Beckman<br>Morgan, Lewis & Bockius LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000 | Glenn D. Pomerantz<br>Kuruvilla Olasa<br>Munger, Tolles & Olson LLP<br>350 South Grand Avenue<br>Fiftieth Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 683-9100 |
| Johannah Cassel-Walker<br>Hogan Lovells US LLP<br>4 Embarcadero Center<br>Suite 3500<br>San Francisco, CA 94111<br>Telephone: (479) 719-2930 | Justin P. Raphael<br>Dane P. Shikman<br>Munger, Tolles & Olson LLP<br>560 Mission Street<br>Twenty Seventh Floor<br>San Francisco, CA 94105<br>Telephone: (415) 512-4000 |
| Mackenzie Dulay Austin<br>Hogan Lovells US LLP<br>1999 Avenue of the Stars<br>Suite 1400<br>Los Angeles, CA 90067<br>Telephone: (310) 785-4600 | Jonathan I. Kravis<br>Munger, Tolles & Olson LLP<br>601 Massachusetts Avenue NW<br>Suite 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100 |

*Counsel for Defendants-Appellants*

5

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) and Ninth Circuit Rule 27-1 because it contains 907 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 27(a)(2)(B).

This motion complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in Times New Roman 14-point font.

/s/ *Neal Kumar Katyal*
Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I certify that on December 17, 2024, the foregoing was electronically filed through this Court's ACMS system, which will send a notice of filing to all registered users.

/s/ <em>Neal Kumar Katyal</em><br>Neal Kumar Katyal