Nos. 24-6256 & 24-6274

In The
# United States Court of Appeals for the Ninth Circuit

EPIC GAMES, INC.,

*Plaintiff-Appellee,*

v.

GOOGLE LLC, *et al.*,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Northern District of California
Nos. 3:20-cv-05671-JD, 3:21-md-02981-JD
Hon. James Donato

## EPIC GAMES, INC.'S REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE AMICUS BRIEFS

Gary A. Bornstein
Yonatan Even
Lauren A. Moskowitz
Justin C. Clarke
Michael J. Zaken
M. Brent Byars
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001-1867
(212) 474-1000

Thomas C. Goldstein
4323 Hawthorne St.
Washington, DC 20016
(202) 674-7594

Paul J. Riehle
FAEGRE DRINKER BIDDLE & REATH LLP
Four Embarcadero Center
San Francisco, CA 94111-4180
(415) 591-7500

In its Motion for Extension of Time to File Amicus Briefs (the "Motion"), Epic explained the obvious—that the current January 3, 2025, deadline to file amicus briefs in support of Epic presents real hardship to potential amici in light of the Holidays and would prevent certain amici from being heard; that a short seven-day extension of the deadline (to **January 10, 2025**) would enable those amici to file their briefs, allowing the Court to consider the unique perspectives of amici that would not otherwise be heard; and that such extension would not prejudice Google, especially if Google's deadline to file its reply brief is comparably extended (as Epic has already agreed).

Google's opposition brief does not seriously dispute any of these points. Instead, Google elevates form over substance. Google faults Epic for not filing a declaration attesting to Epic's *own* diligence. Epic's diligence is entirely beside the point. Epic is not seeking an extension of the date for any of its own filings. Google further claims that each potential amicus, rather than Epic, should have filed a motion for extension. But Epic has a direct interest in these amici participating in the appeal, and it is more efficient for Epic to file a single motion making the simple point that the current deadline for

filing amicus briefs in support of Epic is burdensome on amici, than for multiple prospective amici–who are already constrained by the deadline–to inundate the Court with multiple briefs, all making the same simple point.

Google also insists that the amici had notice of the filing date and could have begun drafting long ago. (Opp. at 2.) But Google's argument ignores entirely the reasoning behind making amici file their briefs seven days *after* the party they support files its principal brief. The goal is for amici to have time to review the principal brief they support and adjust their own arguments accordingly. No matter how early amici began their drafting, that would not relieve them of the challenge of finalizing a brief between December 27 and January 3, in the midst of the Holiday season.

Google maintains that it "should not have to respond . . . on the shortened timeframe Epic proposes". (Opp. at 4.) But this strawman completely ignores Epic's agreement to a commensurate seven-day deferral of the deadline for the filing of Google's reply. (Mot. at 3.)

Google's quibble that Epic declined to consent to the filing of many of Google's amici's briefs (Opp. at 1) is both irrelevant and factually misleading. Epic told Google's amici that it would consent to the filing by any amicus who agreed to disclose to the Court the funding it had received from Google in the past year. It was the choice of seventeen of the nineteen Google amici, not of Epic, not to disclose the extent of their funding from Google in the past year, and instead to file a motion rather than by consent.

In short, Google's real goal is not to avoid prejudice. Instead, having enlisted nineteen amici in support of its own position (seventeen of which refused to disclose whether they were funded by Google), Google raises form-over-substance objections to curtail the filing of amicus briefs in support of Epic—opposing a short extension that would allow Epic's amici to prepare their filings immediately after the Holidays, rather than during them. The Court would benefit from hearing from the amici who could offer their perspective on the arguments in this case but for the current filing deadline. Google's transparent attempt to silence those amici should be rejected.

3

Epic respectfully requests that this Court grant its Motion and extend the filing date to **January 10, 2025**. If the oral argument cannot be held in February or very soon thereafter if Epic's motion were granted, then Epic does not seek the extension.

December 17, 2024                    Respectfully submitted,

                                                  */s/ Yonatan Even*

Gary A. Bornstein
Yonatan Even
Lauren A. Moskowitz
Justin C. Clarke
Michael J. Zaken
M. Brent Byars
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-10001-1867

Paul J. Riehle
FAEGRE DRINKER BIDDLE & REATH LLP
Four Embarcadero Center
San Francisco, CA 94111
(415) 591-7500

Thomas C. Goldstein
4323 Hawthorne St.
Washington, DC 20016
(202) 674-7594

*Counsel for Plaintiff-Appellee Epic Games, Inc.*

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Circuit Court Rule 27-1(1)(d) and Circuit Rule 32-3 because it contains 639 words, excluding the parts of the brief exempted by Fed. R. App. P. 27(a)(2)(B) and Fed. R. App. P. 32(f).

I certify that this brief complies with the typeface requirements of Fed. R. App. P. 27(d).

December 17, 2024                               */s/ Yonatan Even*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on December 17, 2024. All participants in the case are registered ACMS users, and service will be accomplished by the appellate ACMS system.

*/s/ Yonatan Even*