Nos. 24-6256, 24-6274

In The

# United States Court of Appeals for the Ninth Circuit

EPIC GAMES, INC.,
*Plaintiff-Appellee*,

v.

GOOGLE LLC, et al.,
*Defendants-Appellants*.

On Appeal from the United States District Court for Northern District of California

The Honorable James Donato, District Court Nos. 3:20-cv-5671-JD & 3:21-md-02981-JD

**UNOPPOSED MOTION OF THE UNITED STATES OF AMERICA FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**

DANIEL E. HAAR
NICKOLAI G. LEVIN
PATRICK M. KUHLMANN
  *Attorneys*
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
950 Pennsylvania Ave., N.W. #3224
Washington, D.C. 20530-0001

*Counsel for the United States of America*

This Court has set oral argument in this case for February 3, 2025, allocating 20 minutes of argument time per side. The United States respectfully moves for leave to participate in the February 3 oral argument and to be allocated five (5) minutes of argument time from the 20 minutes allocated to plaintiff-appellee (Epic Games). Epic Games and Google consent to this motion.

The United States seeks to participate at oral argument because it enforces the federal antitrust laws and has a strong interest in their correct interpretation. The United States, joined by the Federal Trade Commission, filed an amicus brief in support of Epic Games on January 7, 2025, addressing misstatements of antitrust law in defendants-appellants' (Google's) opening brief. If adopted by this Court, Google's arguments could imperil effective antitrust enforcement, especially in the digital economy. The United States is particularly concerned about Google's attempt to place unwarranted limitations on a district court's authority to remedy monopolization, which would unduly narrow the "broad" relief necessarily available to "terminate the illegal monopoly, deny to the defendant the fruits of its statutory violation, and ensure that there remain no practices likely to result in monopolization in the

future." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.*, 20 F.4th 466, 486 (9th Cir. 2021) (internal quotation marks omitted); *see* Gov't Am. Br. 5-26.

The United States believes that its participation at oral argument would be helpful to the Court, especially in explaining how Google's arguments could significantly harm antitrust enforcement beyond the specific context of this case. Because its amicus brief supports Epic Games, the United States requests five (5) minutes of argument time from the time allocated to Epic Games.

Respectfully submitted,

/s/ Patrick M. Kuhlmann

January 15, 2025

DANIEL E. HAAR
NICKOLAI G. LEVIN
PATRICK M. KUHLMANN
  *Attorneys*
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 305-4639
patrick.kuhlmann@usdoj.gov

2

## CERTIFICATE OF COMPLIANCE

This motion complies with the word limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) and Circuit Rule 27-1 because it contains 280 words. The motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface with 14-point New Century Schoolbook font.

January 15, 2025  /s/ Patrick M. Kuhlmann
*Attorney for the
United States of America*

## CERTIFICATE OF SERVICE

I, Patrick M. Kuhlmann, hereby certify that on January 15, 2025, I electronically filed the foregoing Unopposed Motion of the United States of America for Leave To Participate in Oral Argument by using the ACMS electronic filing system.

I certify that all participants in this case are registered ACMS users and that service will be accomplished by the ACMS system.

January 15, 2025            /s/ Patrick M. Kuhlmann
*Attorney for the*
*United States of America*

4