Nos. 24-6256, 24-6274, 25-303

In The

# United States Court of Appeals
# for the Ninth Circuit

In re: Google Play Store Antitrust Litigation

Epic Games, Inc.,

*Plaintiff-Appellee*,

v.

Google LLC, *et al.*,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Northern District of California
Nos. 3:20-cv-05671-JD, 3:21-md-02981-JD
Hon. James Donato

## APPELLANTS' UNOPPOSED MOTION TO CONSOLIDATE

Katherine B. Wellington
Hogan Lovells US LLP
125 High Street, Suite 2010
Boston, MA 02110
Telephone: (617) 371-1000

Neal Kumar Katyal
Jessica L. Ellsworth
Reedy C. Swanson
Natalie Salmanowitz
Hogan Lovells US LLP
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
neal.katyal@hoganlovells.com

January 21, 2025                    *Counsel for Defendants-Appellants*

*(Additional Counsel Listed on Signature Page)*

Pursuant to Federal Rules of Appellate Procedure 27 and 3(b)(2), Appellants Google, LLC, *et al.*, through undersigned counsel, respectfully request that appeal No. 25-303 (the "Final Judgment Appeal") be consolidated with Google's existing appeals from the permanent injunction in the same proceeding below (Nos. 24-6256, 24-6274) (the "Permanent Injunction Appeals"). Google further requests that this Court treat the case-opening documents and briefing from the Permanent Injunction Appeals as applying to the Final Judgment Appeal as well. Appellee Epic Games consents to this motion.

1.      On October 7, 2024, the District Court in the proceedings below entered a permanent injunction against Google. No. 3:20-cv-05671-JD, Dkt. 702; No. 3:21-md-02981-JD, Dkt. 1017. On October 10, 2024, Google filed an interlocutory notice of appeal from the permanent injunction and all rulings, orders, findings, and conclusions leading up to that order under 28 U.S.C. § 1292(a)(1). No. 3:20-cv-05671-JD, Dkt. 703; No. 3:21-md-02981-JD, Dkt. 1019.

2.      This Court entered an expedited scheduling order for the Permanent Injunction Appeals on October 22, 2024, and briefing is now completed. *See* No. 24-6256, Dkt. 18; No. 24-6274, Dkt. 14. Oral argument is scheduled for February 3, 2025. No. 24-6256, Dkt. 35; No. 24-6274, Dkt. 32.

3.      The District Court originally indicated that it planned to reserve final judgment pending Epic's forthcoming motion for attorneys' fees. No. 3:20-cv-

1

05671-JD, Dkt. 701; No. 3:21-md-02981-JD, Dkt. 1016.  On November 11, 2024, the parties jointly requested that the District Court enter final judgment and then resolve the attorneys' fees proceedings separately after judgment is entered.  No. 3:20-cv-05671-JD, Dkt. 714; No. 3:21-md-02981-JD, Dkt. 1041; *see* Fed. R. Civ. P. 54(d).  On January 9, 2025, in accordance with the parties' request, the District Court entered final judgment in Epic's favor.  No. 3:20-cv-05671-JD, Dkt. 716; No. 3:21-md-02981-JD, Dkt. 1059.

4.      Google filed a notice of appeal from the final judgment on January 13, 2025.  No. 3:20-cv-05671-JD, Dkt. 718; No. 3:21-md-02981-JD, Dkt. 1062.  This Court docketed the appeal on January 16, 2025, under docket number 25-303.[1]

5.      The Permanent Injunction Appeals and the Final Judgment Appeal arise from the same proceedings below and relate to the same rulings—namely, the permanent injunction, the order regarding Epic's UCL claim and injunctive relief, the order denying Google's renewed motion for judgment as a matter of law or a new trial, and the jury's verdict.  No. 3:20-cv-05671-JD, Dkts. 703, 718; No. 3:21-md-02981-JD, Dkts. 1019, 1062.

---

[1] Google filed its notice of appeal on both the multidistrict litigation docket and the Epic-specific docket below.  This Court created separate dockets for the two notices of appeal, which were subsequently consolidated.  Google filed two notices of appeal for the Final Judgment Appeal as well; to date, however, this Court has only created one docket for the Final Judgment Appeal.  If the Court creates a second docket for the Final Judgment Appeal, Google respectfully requests that it be consolidated as well.

6. Google's briefing in the Permanent Injunction Appeals has already raised Google's arguments as to both liability and remedies. Accordingly, there is no need for separate briefing or argument on the Final Judgment Appeal. Consolidating the appeals—and treating the case-opening documents and briefing in the Permanent Injunction Appeals as applying to the Final Judgment Appeal as well—will avoid needless duplication of briefing and argument and promote judicial economy.

7. Counsel for Google conferred with counsel for Epic before filing this motion. Epic consented to Google's consolidation request.

Dated: January 21, 2025

Respectfully submitted,

/s/ Neal Kumar Katyal

Neal Kumar Katyal
Jessica L. Ellsworth
Reedy C. Swanson
Natalie Salmanowitz
Hogan Lovells US LLP
555 Thirteenth Street NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
neal.katyal@hoganlovells.com

Katherine B. Wellington
Hogan Lovells US LLP
125 High Street, Suite 2010
Boston, MA 02110
Telephone: (617) 371-1000

Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Leigha Beckman
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Glenn D. Pomerantz
Kuruvilla Olasa
Munger, Tolles & Olson LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100

Johannah Cassel-Walker
Hogan Lovells US LLP
4 Embarcadero Center
Suite 3500
San Francisco, CA 94111
Telephone: (479) 719-2930

Mackenzie Dulay Austin
Hogan Lovells US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600

Justin P. Raphael
Dane P. Shikman
Munger, Tolles & Olson LLP
560 Mission Street
Twenty Seventh Floor
San Francisco, CA 94105
Telephone: (415) 512-4000

Jonathan I. Kravis
Munger, Tolles & Olson LLP
601 Massachusetts Avenue NW
Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

*Counsel for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) and 9th Circuit Rule 27-1 because it contains 564 words.

This motion complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in Times New Roman 14-point font.

/s/ Neal Kumar Katyal
Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I certify that on January 21, 2025, the foregoing was electronically filed through this Court's ACMS system, which will send a notice of filing to all registered users.

/s/ Neal Kumar Katyal
Neal Kumar Katyal