

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

June 24, 2025

**BY ACMS**

Molly C. Dwyer, Clerk
United States Court of Appeals
  for the Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

    **Re:  Response to the 28(j) Letter dated June 23, 2025 in *Epic Games, Inc. v. Google LLC*, Nos. 24-6256, 24-6274, 25-303**

Dear Ms. Dwyer:

    Epic has cited the Supreme Court's decision in *Diamond Alternative Energy, LLC v. EPA* (No. 24-7), which supports Google's position that Epic was required to produce evidence to support its standing arguments based on the potential actions of third-parties.  *Diamond* confirms that Epic's failure to do so means it lacked standing to seek a nationwide injunction applying to all developers and potential competitors of Google.

    *Diamond* found fuel producers had standing to challenge restrictions on gasoline-powered vehicles where "commonsense economic inferences," "*combined with*" record evidence, "ma[d]e it sufficiently 'predictable' that invalidating California's regulations would likely redress the fuel producers' injury."  Slip op. at 17 (emphasis added).  The Court relied on a developed record including "statements of the fuel producers, California, EPA, and the vehicle manufacturers."  *Id*.  Given that evidentiary showing, the Court declined to require the fuel producers to introduce *additional* evidence "from expert economists or

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Berlin  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dublin  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Tokyo  Washington, D.C.  For more information see www.hoganlovells.com.

- 2 -

from directly regulated third parties." *Id.* at 18 & n.5.  In so holding, the Court did not disturb the basic rule that when standing turns on "the unfettered choices made by independent actors," the plaintiff must "adduce facts showing that those choices have been or will be made in such manner as to … permit redressability." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 562 (1992) (quotation marks omitted); *see also Diamond*, slip op. at 8-9.

*Diamond* supports Google's challenge to Epic's standing in this case.  As Google explained, Epic failed to identify *any* evidence "based on 'economic principles' or otherwise" showing that third parties were likely to behave in a way that would redress Epic's injury.  Reply Br. 45.  To the contrary, trial testimony indicated the opposite.  *See, e.g.*, Opening Br. 89-90.  Thus, far from identifying "record evidence" that "confirms" commonsense market realities, *Diamond*, slip op. at 15, Epic failed to present any evidence to support its standing to seek the catalog sharing, store distribution, or payment remedies the District Court ordered.  Nothing in *Diamond* excuses Epic's failure to satisfy its burden on this non-waivable—and repeatedly preserved—Article III standing issue.  Reply Br. 43-44.

        Respectfully submitted,

        /s/ Jessica L. Ellsworth
        Jessica L. Ellsworth

        *Counsel for Appellants*

cc: All Counsel of Record (via ACMS)