Nos. 24-6256, 24-6274, 25-303

IN THE

# United States Court of Appeals
# for the Ninth Circuit

IN RE: GOOGLE PLAY STORE ANTITRUST LITIGATION

EPIC GAMES, INC.,

*Plaintiff-Appellee,*

v.

GOOGLE LLC, *et al.*,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Northern District of California
Nos. 3:20-cv-05671-JD, 3:21-md-02981-JD
Hon. James Donato

**EMERGENCY MOTION UNDER CIRCUIT RULE 27-3
FOR ADMINISTRATIVE STAY OF PERMANENT INJUNCTION
PENDING GOOGLE'S FORTHCOMING MOTION TO STAY PENDING
FURTHER APPELLATE PROCEEDINGS
[RELIEF REQUESTED BY AUGUST 4, 2025]**

| | |
|---|---|
| Neal Kumar Katyal | Jessica L. Ellsworth |
| MILBANK LLP | Reedy C. Swanson |
| 1850 K Street, NW, Suite 1100 | Natalie Salmanowitz |
| Washington, DC 20006 | HOGAN LOVELLS US LLP |
| Telephone: (202) 835-7505 | 555 Thirteenth Street NW |
| nkatyal@milbank.com | Washington, DC 20004 |
| | Telephone: (202) 637-5886 |
| | jessica.ellsworth@hoganlovells.com |
| | |
| August 1, 2025 | *Counsel for Defendants-Appellants* |

*(Additional Counsel Listed on Signature Page)*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, the undersigned counsel certifies the following:

Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock.

Google Payment Corp. is a subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock.

Google Commerce Ltd. is an indirect subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company owns more than 10% of Alphabet Inc.'s stock.

Google Ireland Ltd. is an indirect subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company owns more than 10% of Alphabet Inc.'s stock.

Google Asia Pacific Pte. Ltd. is an indirect subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc.,

i

a publicly traded company; no publicly traded company owns more than 10% of Alphabet Inc.'s stock.

Date: August 1, 2025          /s/ Jessica L. Ellsworth
                                                     Jessica L. Ellsworth

## TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT .............................................................i

TABLE OF AUTHORITIES ....................................................................................iv

INTRODUCTION ....................................................................................................1

BACKGROUND ......................................................................................................3

ARGUMENT ...........................................................................................................5

    I.    Google Seeks An Administrative Stay Of The District Court's
        Permanent Injunction To Allow Time To Resolve A Motion For
        A Stay Pending En Banc Review.................................................................5

CONCLUSION ........................................................................................................9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

Page(s)

**CASES:**

*Am. Trucking Ass'ns, Inc. v. City of Los Angeles*,
  559 F.3d 1046 (9th Cir. 2009) ...............................................................8

*FTC v. Qualcomm Inc.*,
  935 F.3d 752 (9th Cir. 2019) ........................................................2, 7, 8

*Nat'l Urban League v. Ross*,
  977 F.3d 698 (9th Cir. 2020) .............................................................6

*NCAA v. Bd. of Regents of Univ. of Okla.*,
  463 U.S. 1311 (1983)...........................................................................8

## INTRODUCTION

This motion asks the Court to enter a short administrative stay to permit Google to seek, and this Court to rule on, a stay pending further appellate review of the decision entered yesterday. In that decision, the Court rejected Google's appeal of the District Court's sweeping injunction in favor of Epic Games, which will require significant changes to Google's Android app store. An administrative stay would allow this Court to rule on Google's forthcoming motion for a stay pending en banc review without Google having to significantly upend the Android ecosystem before the Court can address Google's stay motion. Google commits to filing its stay motion as expeditiously as possible next week, and no later than August 7, 2025.

Following the District Court's injunction, Google immediately sought a stay of the injunction pending appeal, and requested that if the Court denied a stay that the compliance deadline be extended by 30 days so Google could have time to safely come into compliance and to seek further review. As part of yesterday's ruling, the Court denied as moot Google's request for a stay pending appeal, without addressing Google's request for 30 days to come into compliance if the Court denied the motion. As a result, it is Google's understanding that the remedies in ¶¶ 4-7, 9-10, and 13 of the District Court's injunction will go into effect in 14 days, which is the number of days that remained for Google to comply with those remedies at the time the District Court entered an administrative stay on October 18, 2024.

Google intends to expeditiously ask the Court to continue the stay of the District Court's injunction that has been in effect since shortly after the injunction issued pending further appellate proceedings. This Court has repeatedly paused sweeping injunctions that test "the outer limits of the Sherman Act" and other unfair competition laws, *FTC v. Qualcomm Inc.*, 935 F.3d 752, 757 (9th Cir. 2019) (per curiam), including in the *Epic v. Apple* litigation—where a far less intrusive injunction was stayed while Apple sought rehearing en banc and Supreme Court review, even though that injunction was ultimately affirmed.

Absent an emergency administrative stay, Google must make immediate changes to Google Play, which will impact over 100 million U.S. users and more than 500,000 app developers. Even if those changes are ultimately required—which Google strongly opposes and intends to challenge—requiring these changes to be imposed in only 14 days would expose users and developers to substantial risks and jeopardize the entire Android ecosystem.

As Google's head of security explained in an unrebutted declaration below, "[r]ushed updates at this scale can lead to major unintended issues that affect functionality of devices, and the privacy and security interests of millions of users." 2-ER-207. As the panel opinion acknowledges, numerous amici—including former national security officials, computer security experts, developers with apps on Play, and public interest groups—agreed that the injunction poses significant security risks

2

on appeal. *See* ECF No. 200.1 at 64 n.19.[1]  Importantly, the risks associated with rolling out changes on such a rapid timeline are independent from, and in addition to, the risks associated with the underlying injunction.  Google respectfully requests an administrative stay lasting until this Court resolves its forthcoming motion seeking to stay the injunction pending further appellate proceedings.

## BACKGROUND

On October 7, 2024, the District Court issued an unprecedented permanent injunction in favor of Epic, a single app developer, that requires Google to fundamentally restructure its Play store for millions of consumers and hundreds of thousands of developers.  1-ER-3-6.  The injunction contains two sets of requirements: one that was due to take effect on November 1, 2024—approximately three weeks after the injunction issued—and others set to take effect eight months later.  *Id.*

The changes that were due to take effect on November 1 require significant alterations to the Google Play store:  The injunction requires Google to change the billing options available to users anywhere on Play; allow developers to include external links to download apps from anywhere on the Internet; and revises Google's terms of service with developers, device manufacturers and carriers, and more.  *Id.*

---

[1] Unless otherwise specified, "ECF" refers to this Ninth Circuit docket and "D. Ct. Dkt." refers to the multidistrict litigation docket, No. 3:21-md-02981-JD (N.D. Cal.).

These are not changes Google can make overnight without significant risks to its users, developers, and platform, including significant security risks.

Google accordingly sought a partial stay of the injunction pending appeal from both the District Court and from this Court. D. Ct. Dkt. 1020; D. Ct. Dkt. 1021; ECF No. 6.1.[2] In its stay request to this Court, Google requested that if the Court denied a stay, it nevertheless give Google 30 days to come into compliance with ¶¶ 4-7, 9-10, and 13 of the injunction so that Google could implement the injunction without disrupting Google's users and developers. ECF No. 6.1 at 29; ECF No. 34.1 at 12. On October 18, 2024, 14 days before these prohibitions were set to take effect, and before this Court ruled on Google's stay request, the District Court granted an administrative stay of the injunction, with the exception of ¶ 8, pending this Court's resolution of Google's stay motion. 2-ER-181.

Yesterday, this Court entered a decision affirming the District Court's injunction on the merits and denying Google's request for a stay pending appeal as moot. ECF No. 200.1 at 10, 16 n.4. The Court's order denying Google's stay motion as moot did not provide any additional time for Google to comply with the injunction. *Id.* Based on Google's understanding, this means that Google has only the 14 days that remained when the District Court's administrative stay was entered

---

[2] Google did not seek a stay of ¶ 8 of the injunction, which has been in effect since November 1, 2024.

to comply with the injunctive remedies in ¶¶ 4-7, 9-10, and 13.  Google seeks an emergency administrative stay of that compliance deadline until this Court rules on its forthcoming request for a stay pending further appellate proceedings.

## ARGUMENT

**I.   Google Seeks An Administrative Stay Of The District Court's Permanent Injunction To Allow Time To Resolve A Motion For A Stay Pending En Banc Review.**

This Court should grant an emergency administrative stay so that Google can seek further review of the Court's decision by the en banc Ninth Circuit, and if necessary, the Supreme Court.  Google intends to file its stay request no later than August 7.  However, Google seeks an administrative stay now, given that it has only 14 days to come into compliance with several provisions in the District Court's injunction, which will not afford Google sufficient time to obtain a ruling on a further stay before much of the injunction goes into effect, or even to come safely into compliance with the injunction.

This Court has authority to enter a stay pending further appeal.  Federal Rule of Appellate Procedure 8(a) authorizes appellate courts to stay a district court's injunction pending appeal.  That authority extends to stays pending panel rehearing or rehearing en banc.  *See, e.g.*, *United States v. Abbott*, No. 23-50632 (5th Cir. Jan. 29, 2024), ECF No. 134 (granting motion to stay injunction pending en banc review under Rule 8(a)); *City of Chicago v. Sessions*, No. 17-2991 (7th Cir. June 26, 2018),

ECF No. 134 (granting partial stay of injunction pending en banc review); *Teva Branded Pharm. Prod. R&D, Inc. v. Amneal Pharms. of New York, LLC*, No. 24-01936 (Fed. Cir. Jan. 22, 2025), ECF No. 116 (granting stay of injunction pending resolution of petition for rehearing en banc). This Court likewise has authority to enter an administrative stay so that it may consider a full request for a further stay pending appeal. *See, e.g.*, *Nat'l Urban League v. Ross*, 977 F.3d 698, 700-701 (9th Cir. 2020) (an administrative stay is "intended to preserve the status quo until the substantive motion for a stay pending appeal can be considered on the merits").

In its prior stay request to this Court, Google respectfully requested that if the Court denied a stay pending appeal, the Court extend Google's compliance deadlines in ¶¶ 4-7, 9-10, and 13 of the District Court's injunction until 30 days after this Court rules. *See* ECF No. 6.1 at 29. Google sought this additional time so that it would be able to seek further review, as well as to make the necessary preparations to come into compliance with the District Court's injunction in a technically responsible manner.

This Court denied as moot Google's request for a partial stay pending appeal in its decision yesterday, but without addressing Google's request for an additional 30-day period to come into compliance with the injunction if the stay was denied. *See* ECF No. 200.1 at 16 n.4. Google submits that an administrative stay of the deadline for complying with the injunction is warranted in the interim so that the

6

Court has an opportunity to consider Google's request before the compliance deadline passes.

Granting an administrative stay (and a later stay pending en banc review) would be consistent with this Court's actions in Apple's appeal in the *Epic v. Apple* litigation, No. 21-16506, where the Court granted a stay that allowed Apple to seek review from the en banc Ninth Circuit and the Supreme Court before it was obligated to comply with the injunction it was challenging. The *Epic v. Apple* litigation involved a similar dispute between Epic and Apple over Apple's App Store, although the injunction against Apple was much more modest than the injunction at issue here. A similar approach is warranted in this case, where Google seeks an opportunity for further review with respect to an even more sweeping injunction requiring significant and complex technical and security changes that will impact over a hundred million users and over half a million developers on the Google Play store.

An administrative stay is also appropriate given the important questions of antitrust and civil procedure raised in this case. This Court has recognized the wisdom of staying sweeping injunctions that stretch "the outer limits of the Sherman Act." *Qualcomm*, 935 F.3d at 757. This appeal implicates crucial questions regarding whether Epic is estopped from pursuing a different market definition in this case than a substantially identical case against Apple, ECF No. 36.1 at 31-40,

7

the nature of the Rule of Reason analysis under Supreme Court precedent, *id.* at 39-39 & n.10, and the appropriateness of a remedy that sets prices and imposes on Google a forced duty to deal with its competitors, *id.* at 58-74.

An administrative stay is also warranted given the significant impact of the injunction on millions of Google's users and over 500,000 app developers—as well on Google itself. As Google's head of security explained in the District Court, "the company has never rolled out a new feature to millions of new users at scale in just three weeks." 2-ER-207. "The reason it has not done so is that such a roll out would create major security risks" and vulnerabilities to basic functionality–as the world saw with the Crowdstrike malfunction last fall. *Id.* In that case, a flaw in the updates to the software relied on by major businesses around the globe led to "worldwide service disruptions for several days after the incident." *Id.*

The injunction hobbles Google's ability to compete, inflicts reputational harms, increases security and privacy risks for millions of users, magnifies burdens on device makers and over 500,000 developers, and requires Google to deal with rivals. It mandates "fundamental business changes that … cannot be easily undone" even if this Court or the Supreme Court ultimately vacates the injunction. *Qualcomm*, 935 F.3d at 756 (citing *NCAA v. Bd. of Regents of Univ. of Okla.*, 463 U.S. 1311, 1313-14 (1983); *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1057-59 (9th Cir. 2009)). These sweeping changes should be paused

8

until this Court has had an opportunity to consider Google's request for a stay pending further appellate review.

## CONCLUSION

Google respectfully requests an emergency administrative stay of the District Court's injunctive remedies in ¶¶ 4-7 and 9-13 pending the Court's resolution of Google's forthcoming motion for a stay pending further appellate proceedings. Given the need for clarity regarding Google's compliance obligations, Google respectfully requests a decision on this modest request for an administrative stay by Monday, August 4, 2025.[3]  Google consulted with counsel for Epic regarding this motion, and Epic states that it opposes this motion.

Dated:  August 1, 2025                               Respectfully submitted,

                                                                  /s/ Jessica L. Ellsworth

Neal Kumar Katyal                        Jessica L. Ellsworth
MILBANK LLP                                 Reedy C. Swanson
1850 K Street, NW, Suite 1100      Natalie Salmanowitz
Washington, D.C. 20006                 HOGAN LOVELLS US LLP
Telephone: (202) 835-7505            555 Thirteenth Street, N.W.
nkatyal@milbank.com                     Washington, D.C. 20004
                                                         Telephone: (202) 637-5886
Katherine B. Wellington                 jessica.ellsworth@hoganlovells.com
HOGAN LOVELLS US LLP
125 High Street, Suite 2010           Johannah Cassel-Walker
Boston, MA 02110                          HOGAN LOVELLS US LLP

---

[3] For ¶¶ 11-12, the injunction set a compliance deadline of eight months from issuance of the injunction, two weeks of which elapsed prior to the District Court granting an administrative stay.

Telephone: (617) 371-1000

Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Leigha Beckman
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000

Jonathan I. Kravis
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW
Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

4 Embarcadero Ctr., Suite 3500
San Francisco, CA 94111
Telephone: (415) 374-2334

Glenn D. Pomerantz
Kuruvilla Olasa
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100

Justin P. Raphael
Dane P. Shikman
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty Seventh Fl.
San Francisco, CA 94105
Telephone: (415) 512-4000

*Counsel for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with applicable type-volume and length limitations because it contains 2,108 words, excluding the items exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f).

This motion complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Office Word for Office 365 in 14-point Times New Roman font.

/s/ Jessica L. Ellsworth
Jessica L. Ellsworth

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on August 1, 2025.

I certify that all participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system.

/s/ Jessica L. Ellsworth
Jessica L. Ellsworth