**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: Google Play Store Antitrust Litigation<br><br>_<br><br>EPIC GAMES, INC., a Maryland Corporation,<br><br>        *Plaintiff - Appellee*,<br><br>  v.<br><br>GOOGLE LLC; GOOGLE IRELAND, LTD.; GOOGLE COMMERCE, LTD.; GOOGLE ASIA PACIFIC PTE, LTD.; GOOGLE PAYMENT CORP.,<br><br>        *Defendants - Appellants*. | No. 24-6256<br><br>D.C. Nos.<br>3:21-md-02981-JD<br>3:20-cv-05671-JD<br>Northern District of California, San Francisco<br><br>ORDER |

| | |
|---|---|
| EPIC GAMES, INC., | No. 24-6274 |
| *Plaintiff - Appellee*, | D.C. No. 3:20-cv-05671-JD |
| v. | Northern District of California, San Francisco |
| GOOGLE LLC; GOOGLE IRELAND, LTD.; GOOGLE COMMERCE, LTD.; GOOGLE ASIA PACIFIC PTE, LTD.; GOOGLE PAYMENT CORP., | |
| *Defendants - Appellants*. | |

| | |
|---|---|
| EPIC GAMES, INC., a Maryland Corporation, | No. 25-303 |
| *Plaintiff - Appellee*, | D.C. No. 3:20-cv-05671-JD |
| v. | Northern District of California, San Francisco |
| GOOGLE LLC; GOOGLE IRELAND, LTD.; GOOGLE COMMERCE, LTD.; GOOGLE ASIA PACIFIC PTE, LTD.; GOOGLE PAYMENT CORP., | |
| *Defendants - Appellants*. | |

Filed September 12, 2025

Before: M. Margaret McKeown, Danielle J. Forrest, and Gabriel P. Sanchez, Circuit Judges.

**ORDER**

Google LLC's Motion for a Stay of Permanent Injunction Pending Google's Forthcoming Petitions for Rehearing and, if Necessary, Certiorari is denied. The request for a stay pending a petition for rehearing is moot because the court issued an administrative stay pending decision on the petition for rehearing and the court denied that petition on September 12, 2025.

The Permanent Injunction ("Injunction") was issued on October 7, 2024. This is not a situation in which Google must comply with key provisions of the Injunction immediately upon issuance of the mandate. Rather, the district court recognized that a lag time between the judgment and imposition of the key provisions of the Injunction would be appropriate. To facilitate the spirit of that ruling, on August 1, 2025, we stayed the Injunction pending appeal, despite the district court's denial of Google's motion for a stay.

For the key provisions that Google attacks—paragraphs 11 and 12 of the Injunction related to "restor[ing] competition in the Android app-distribution market with the catalog-access and app-store-distribution remedies," Op. at 40—Google has eight months from the issuance of the mandate to comply with the Injunction. However, by this Order we modify the Injunction to extend the time for compliance with paragraphs 11 and 12 to ten months following issuance of the mandate. Also, per Google's request in its initial Emergency Motion for Partial Stay of

the Permanent Injunction, we extend the short-term compliance deadlines, contained in paragraphs 4-7 and 9-10 of the Injunction, until thirty days after the issuance of the mandate.  (The thirty-day compliance deadline contained in paragraph 13 remains intact.)

Under the terms of the Injunction, either party "may request a modification of the injunction for good cause."  This provision continues to apply except with respect to paragraphs 11 and 12; Epic may not request a compliance deadline shorter than the ten-month deadline imposed by this Order.  Google's motion does not encompass paragraph 8 of the Injunction; Google has represented that it already made the contractual changes ordered with respect to carriers and phone manufacturers.  Imposition of the verdict has already been suspended more than twenty months since the December 2023 jury verdict in favor of Epic and almost a year since the Permanent Injunction.  We also note that Google has represented that it will file any petition for certiorari within forty-five days of a decision on its stay motion.

To obtain a stay of the mandate pending certiorari under Federal Rule of Appellate Procedure 41(d), Google is required to show 1) "a reasonable probability that four members of the Court would consider the underlying issue sufficiently meritorious for the grant of certiorari[;]" 2) "a significant possibility of reversal of the lower court's decision;" and 3) "a likelihood that irreparable harm will result if that decision is not stayed."  *White v. Florida*, 458 U.S. 1301, 1302 (1982).  We recognize that Google need not demonstrate "exceptional circumstances . . . to justify a stay," *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989), because it is "often the case" that our court issues

a stay pending certiorari, *United States v. Pete*, 525 F. 3d 844, 850 (9th Cir. 2008).

Although we stayed the Injunction pending appeal, in our comprehensive sixty-seven-page opinion, our unanimous panel upheld the jury's finding of antitrust liability and the district court's Injunction. We emphasize that this Order is issued after a jury trial and multitudinous district court proceedings. Unlike many stay orders, this Order does not relate to a stay pending issuance of a preliminary injunction but rather relates to a stay request following a jury trial, a permanent injunction, and a final judgment. Following a fifteen-day jury trial with forty-five witnesses in which the jury found Google violated federal and state antitrust laws, the district court undertook additional testimony and hearings and issued detailed findings with respect to the Injunction.

Google's primary contention on appeal focuses on factual disagreements with the district court, an effort to shoehorn the results of the *Epic v. Apple* litigation into this case, and a misapprehension of essential antitrust principles. As for security concerns, we held that the Injunction "explicitly address these risks" through adoption of reasonable measures "to ensure that the platforms or stores, and the apps they offer, are safe from a computer systems and security standpoint." Op at 64–65. In addition, the Injunction provides for a Technical Committee to assist in resolving technical disputes, including security concerns.

In view of the rationale and details laid out in our opinion, we conclude that Google has not met the requirements under Federal Rule of Appellate Procedure 41(d) regarding a meritorious petition for certiorari or the significant possibility of reversal. In addition, Google's

claim for irreparable harm is unfounded in light of trial testimony.  Finally, we are unpersuaded by Google's claim that market confusion, monetary expenditures, and national security support a claim of irreparable harm.

**Motion for stay of mandate denied; motion for stay of mandate pending filing of petition for rehearing denied as moot; and Permanent Injunction issued October 7, 2024, modified in accordance with this Order.**