Nos. 24-6256 & 24-6274

IN THE

# United States Court of Appeals for the Ninth Circuit

EPIC GAMES, INC.,

*Plaintiff-Appellee,*

v.

GOOGLE LLC, *et al.*,

*Defendants-Appellants.*

———————————

Appeal from the U.S. District Court
for the Northern District of California
Nos. 3:20-cv-05671-JD, 3:21-md-02981-JD
Hon. James Donato

———————————

### EPIC GAMES, INC.'S UNOPPOSED MOTION TO TRANSFER CONSIDERATION OF ATTORNEYS' FEES ON APPEAL TO THE DISTRICT COURT

———————————

Gary A. Bornstein
Antony L. Ryan
Yonatan Even
Lauren A. Moskowitz
Michael J. Zaken
M. Brent Byars
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
New York, NY 10001
(212) 474-1000

Paul J. Riehle
FAEGRE DRINKER BIDDLE & REATH LLP
Four Embarcadero Center
San Francisco, CA 94111-4180
(415) 591-7500

*Counsel for Plaintiff-Appellee Epic Games, Inc.*

Plaintiff-Appellee Epic Games, Inc. ("Epic") respectfully requests, pursuant to Ninth Circuit Rule 39-1.8, that this Court transfer consideration of its request for attorneys' fees on appeal to the United States District Court for the Northern District of California, the district court from which this appeal was taken.

Ninth Circuit Rule 39-1.8 provides: "[a]ny party who is or may be eligible for attorneys fees on appeal to this Court may, within the time permitted in Circuit Rule 39-1.6, file a motion to transfer consideration of attorneys fees on appeal to the district court . . . from which the appeal was taken." If a "timely petition for rehearing is filed," Ninth Circuit Rule 39-1.6 provides that a request for attorneys' fees "shall be filed no later than 14 days after the Court's disposition of the petition". Defendants-Appellants Google LLC, *et al.* ("Google") filed a petition for rehearing, Dkt. 211.1, which this Court denied on September 12, 2025. Dkt. 261.1. Because a timely petition for attorneys' fees is due on or before September 26, 2025, this request for transfer is timely. Counsel for Google has represented that Google does not oppose this request.

As the prevailing party in an antitrust action, Epic is entitled to "the cost of suit, including a reasonable attorney's fee" under Section 16 of the Clayton Act, 15 U.S.C. § 26. The district court has already held that Epic is entitled to an award of reasonable attorneys' fees and costs under 15 U.S.C. § 26, District Ct. Dkt. 701 at 17, and Epic's motion for fees and costs incurred in the district court

1

proceedings is currently pending before the district court. The interest of judicial economy supports having the district court also resolve Epic's claims for attorneys' fees on appeal. Accordingly, good cause exists for this Court to transfer consideration of Epic's claim for attorneys' fees and costs on appeal to the district court under Ninth Circuit Rule 39-1.8.

September 18, 2025                    Respectfully submitted,

/s/     Gary A. Bornstein

Gary A. Bornstein
Antony L. Ryan
Yonatan Even
Lauren A. Moskowitz
Michael J. Zaken
M. Brent Byars
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

Paul J. Riehle
FAEGRE DRINKER BIDDLE
& REATH LLP
Four Embarcadero Center
San Francisco, CA 94111
(415) 591-7500

*Counsel for Plaintiff-Appellee Epic Games, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on September 18, 2025. All participants in the case are registered ACMS users, and service will be accomplished by the appellate ACMS system.

/s/ *Gary A. Bornstein*
Gary A. Bornstein